UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA (MIAMI)

MARK T. STINSON SR.,

    Plaintiff,

v.                                    Case No:   1:24-cv-24451-PGB

KEVIN G. RITZ, et al.,

    Defendants

---

## ORDER[1]

Plaintiff Mark T. Stinson Sr., appearing *pro se*, instituted this action by complaint filed on November 12, 2024. Doc. No. 1. With the complaint, Plaintiff also moved to proceed *in forma pauperis*. Doc. Nos. 3, 20. Upon review, the undersigned denied the request to proceed *in forma pauperis* without prejudice for failure to provide sufficient information and demonstrate qualification to proceed as a pauper. Doc. No. 21. Now before the Court are Plaintiff's motions filed in response, to include: (1) an Application to proceed in District Court Without Prepaying Fees or Costs (Long Form), construed as a

---

[1] The undersigned has been designated to perform any and all judicial duties under 28 U.S.C. section 636, subsections (a), (b), and (c), in the Southern District of Florida, as it relates to this case. *See* Doc. No. 17.

renewed motion for leave to proceed *in forma pauperis* (Doc. No. 22); (2) a Motion for Leave to Proceed as a Veteran (Doc. No. 23); and (3) a Motion to Strike the Application for In Forma Pauperis Status and Grant Leave to Proceed as a Veteran (Doc. No. 25).[2]

Upon review, Plaintiff's Motion to Strike the Application for In Forma Pauperis Status (Doc. No. 25) is **GRANTED**, and the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. No. 22) is hereby **STRICKEN** and the request to proceed *in forma pauperis* (Doc. No. 22) deemed moot.

As it relates to the Motion for Leave to Proceed as a Veteran (Doc. No. 23) such request will be **DENIED** for failure of adequate support. Although the Court accepts Plaintiff's representations that he is a veteran of the United States Army, Plaintiff cites no legal authority demonstrating that his status as a veteran entitles him to "certain considerations," such as waiver of the filing fee or otherwise. Doc. No. 23. Specifically, Plaintiff cites 38 U.S.C. § 7261(a)(1), but that provision sets forth the scope of review for the United States Court of Appeals for Veterans Claims, and has no application here. Plaintiff also cites to Supreme Court Rule 40, but that Rule "applies only with regard to

---

[2] Plaintiff has also filed motions relating to the appointment of counsel and referral to a volunteer attorney program, but those motions will be addressed by separate Order. *See* Doc. Nos. 13, 16, 18.

proceedings before the United States Supreme Court." *See Feemster v. Chapa*, No. 6:17-CV-39, 2018 WL 11486877, at *2 (S.D. Tex. Dec. 17, 2018); *see also Lovelace v. Georgia*, No. 1:21-CV-1306-LMM-RDC, 2021 WL 11718605, at *1 (N.D. Ga. Apr. 12, 2021), *report and recommendation adopted*, 2021 WL 11718612 (N.D. Ga. May 3, 2021) ("Plaintiff's status as a veteran does not exempt him from the obligation to pay the court filing fees for this action in this court. . . . Plaintiff's reliance on the Supreme Court's Rule 40(1) is misplaced, because the Supreme Court's Rules prescribe procedures for practice in that court, not in federal district courts such as this one." (citation omitted)). The cited case law is also inapposite. Doc. No. 23, at 2–3.[3]

Given that Plaintiff has withdrawn his request to proceed *in forma pauperis* (Doc. Nos. 22, 25), and that his status as a veteran does not appear to entitle Plaintiff to waiver of the filing fee, Plaintiff will be required to submit payment of the filing fee or renew his request to proceed *in forma pauperis* by a date certain, as set forth below.

Accordingly, for the reasons set forth herein, it is **ORDERED** as follows:

---

[3] *Fincher v. Georgia Pac., LLC*, No. CIVA.108-CV-3839-JOF, 2009 WL 1075269 (N.D. Ga. Apr. 21, 2009), concerned claims under 38 U.S.C. § 4323(h), which are not present here.
*Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003), contains no discussion regarding veterans.
*Bingham v. Thomas*, 654 F.3d 1171 (11th Cir. 2011), speaks generally to the standards applied to *pro se* pleadings.

1. Plaintiff's Motion to Strike the Application for In Forma Pauperis Status (Doc. No. 25) is **GRANTED**.

2. The Application to proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. No. 22) is hereby **STRICKEN**.

3. Plaintiff's Motion for Leave to Proceed as a Veteran (Doc. No. 23) is **DENIED**.

4. Within **fourteen (14) days** of the date of this Order, Plaintiff shall pay the filing fee in this case. Alternatively, by this same deadline, Plaintiff may renew his request to proceed *in forma pauperis* by filing a completed Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). **Failure to comply will result in a recommendation that the case be dismissed without further notice. Fed. R. Civ. P. 41(b).**

**DONE** and **ORDERED** in Orlando, Florida on March 25, 2025.

*[Signature]*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party