# In The
# United States Court of Appeals
# For the Eleventh Circuit

No. 25-11145-E

MARK T. STINSON, SR.,

    Plaintiff-Appellant,

versus

KEVIN G. RITZ, et al.

    Defendants-Appellees.

## APPELLANT'S BRIEF BY PLAINTIFF-APPELLANT'S

Appeal from the United States District Court

for the Southern District of Florida

D.C. Docket No. 1:24-cv-24451-PGB

Mark T. Stinson, Sr.
777 NW 155th Ln. Apt. 911
Miami, FL 33169-6180
Ph: (786) 299-7499
Email: mstinson1@bellsouth.net
Pro se

# TABLE OF CONTENTS

                                                                                    **Pages**

TABLE OF CONTENTS..................................................................................i

TABLE OF AUTHORITIES............................................................................ii

INTRODUCTION..........................................................................................1

STATEMENT REGARDING ORAL ARGUMENT.......................................1

STATEMENT OF SUBJECT-MATTER AND APPELLATE

      JURISDICTION...................................................................................2

STATEMENT OF THE ISSUES....................................................................2

STATEMENT OF THE CASE.......................................................................3
   A. Factual Background............................................................................3

SUMMARY OF THE ARGUMENT..............................................................3

ARGUMENT..................................................................................................4

RELIEF REQUESTED...................................................................................6

CONCLUSION...............................................................................................6

CERTIFICATE OF COMPLIANCE...............................................................7

EXHIBITS.............................................................................................8 - 10

# TABLE OF AUTHORITIES

**Page**

Denton v. Hernandez, 504 U.S. 25, 32 (1992)..................................................4

Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)................4

Beneficial National Bank v. Anderson, 539 U.S. 1 (2003)..................................6

Pacheco de Perez v. AT&T Co., 139 F.3d 1368 (11th Cir. 1998)............................6

Murray v. State Farm Fire & Casualty Co., 509 F.3d 1230 (11th Cir. 2007)................6

United States v. Smith, 775 F.3d 1262 (11th Cir. 2014)..................................6

Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).................................6

Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998))......................6

## STATUTORY AUTHORITY

38 U.S.C. 2022..........................................................................1

38 U.C.S. § 7261(a)(1)..................................................................1

38 U.S.C. § 7262........................................................................1

Sup. Ct. R. 40..........................................................................1

FRAP Rule 34(a).........................................................................1

Local Rule 34-3.........................................................................1

42 U.S.C. § 1983........................................................................2

28 U.S.C. § 1331.....................................................................2, 3

28 U.S.C. § 1332.....................................................................2, 3

28 U.S.C. § 1291.....................................................................2, 3

42 U.S.C. § 12203....................................................................2, 3

18 U.S.C. § 241......................................................................2, 3

**Page**

42 U.S.C. 1985..........................................................................................2, 3

18 U.S.C. § 241.........................................................................................2, 3

18 U.S.C. § 1349.......................................................................................2, 3

U.S.C. § 14141..........................................................................................2, 3

Due Process Clause..................................................................................2, 4

Fifth Amendment life, liberty, or property..................................................2

adding and abetting..................................................................................3, 4

First Amendment Right................................................................................4

Fourth Amendment Right............................................................................4

Fifth Amendment Right................................................................................4

Sixth Amendment Right...............................................................................4

Seventh Amendment Right..........................................................................4

Eighth Amendment Right.............................................................................4

Fourteenth Amendment Right.....................................................................4

conflict of interest.........................................................................................4

intentional fraudulent...................................................................................4

conspiracy.....................................................................................................4

retaliation......................................................................................................4

## INTRODUCTION

Plaintiff-Appellant is requesting that this Court should grant Leave to Proceed on Appeal as a Veteran, pursuant to 38 U.S.C. 2022, veterans are entitled to file lawsuits without prepayment of fees, reinforcing the legislative intent to facilitate access to justice for those who have served, the court ruled in favor of a veteran seeking leave to proceed IFP, noting that denying such motions would contradict Congress's intent to support veterans' access to legal remedies.

Pursuant to 38 U.C.S. § 7261(a)(1), veterans are entitled to certain considerations in legal proceedings due to their service. The Eleventh Circuit recognizes the importance of accommodating veterans in its procedural rules and has established guidelines that support their rights in appellate matters.

Pursuant to 38 U.S.C. § 7262 the Court shall establish procedures under which such a fee may be waived in the case of an appeal filed by or on behalf of a person who demonstrates that the requirement that such fee be paid will impose a hardship on that person. A decision as to such a waiver is final and may not be reviewed in any other court.

Under Sup. Ct. R. 40, veterans are entitled to certain considerations in legal proceedings due to their service and sacrifices made for our country. This motion is submitted in accordance with these provisions to ensure that my status as a veteran is recognized throughout these proceedings.

## STATEMENT REGARDING ORA ARGUMENT

Plaintiff-Appellant requests no oral argument under FRAP Rule 34(a), a case may be decided without oral argument if it is deemed appropriate by the panel of judges. Additionally, Local Rule 34-3 provides guidance on when cases may be submitted on briefs alone, particularly when they involve straightforward legal issues or when there are no material facts in dispute. The court utilized summary disposition to resolve an appeal regarding municipal liability under Section 1983,

1

concluding that existing precedent clearly dictated the outcome without requiring additional deliberation.

## STATEMENT OF SUBJECT-MATTER AND APPELLATE JURISDICTION

The District Court had jurisdiction under 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 1332. District Court entered judgment on 03/25/2025, [23]. This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

Plaintiff-Appellant was illegally tried and convicted on 12/04/2017, in Memphis, TN, (No. 16-cr-20247-JTF), this case has been submitted to the Supreme Court of the United States No. 23-5105 on 03/27/2025, and the petition for Leave to Proceed as a Veteran has been **granted**. A lawsuit was filed in the Western District of Tennessee, District Court, No. 22-cv-02694, on 08/2022, but after being treated with prejudice and feared for his life the Plaintiff-Appellant relocated to Miami, Florida then voluntarily dismissed the complaint and refiled it in the Southern District of Florida No. 23-cv-24688, [1] and on 02/05/2024, [28], the district court transferred it to the Western District Court of Tenneessee and the Defendants was served, No. 24-cv-2077, and that transfer has been appealed. The Defendant in this matter is aiding and abetting and is retaliating against the Plaintiff-Appellant in violation of: (1) 42 U.S.C. § 12203 – Prohibition against retaliation and coercion. (2) 18 U.S.C. § 241 – Conspiracy against rights, (3) 42 U.S.C. 1985 – Conspiracy to interfere with civil rights, (4) 18 U.S.C. § 241 – Conspiracy to deprive a person of their civil rights, (5) 18 U.S.C. § 1349 – Conspiracy to commit fraud, and (6) 42 U.S.C. § 14141 – Its unlawful for any governmental authority to engage in a pattern or practice of conduct that deprives persons of their rights.

The Due Process Clause of the Fifth Amendment to the U.S. Constitution provides that in relevant part: No person shall be ... deprived of life, liberty, or

2

property, without due process of law[.]

## STATEMENT OF THE CASE
### A. Factual Background

On 02/13/2024, the Appellant-Plaintiff was arrested at his Florida residence by the US Marshal officers one week after the service of the complaint to the defendants in case No. 23-cv-24688 (SDFL). After being illegally arrested again the Plaintiff-Appellant was sent to the MDC, Miami, FL and was denied bond, and then transferred to a state prison in Memphis, TN (Shelby County Correctional Center).

Once again, the Plaintiff-Appellant was unconstitutionally denied a bond and was sentenced to six (6) months of false imprisonment in a state facility, release date 08/14/2024. The unconstitutional treatment, adding and abetting started on 02/13/2024 and did not end until 08/14/2024, and all the defendants conspired and showed retaliation against the Plaintiff-Appellant.

## Summary of the Argument

The Defendants are in violation of: (1) 42 U.S.C. § 12203 – Prohibition against retaliation and coercion; (2) 18 U.S.C. § 241 – Conspiracy against rights; (3) 42 U.S.C. 1985 – Conspiracy to interfere with civil rights; (4) 18 U.S.C. § 241 – Conspiracy to deprive a person of their civil rights; (5) 18 U.S.C. § 1349 – Conspiracy to commit fraud; and (6) 42 U.S.C. § 14141 – Its unlawful for any governmental authority to engage in a pattern or practice of conduct that deprives persons of their rights.

The Plaintiff-Appellant never had a chance with the government, public defenders and the Judges that were involved in this matter, because of the previous lawsuits filed in the Western District Court of Tennessee, Eastern District of

Arkansas, and the Southern District of Florida. These complaints are not frivolous in any way and haven't been judged on the merits at this point. The Court must also weigh all factual allegations in favor of the plaintiff unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992). See Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

## Argument

The Plaintiff-Appellant's First, Fourth, Fifth, Sixth, Seventh, Eighth and Fourteenth Amendment Rights have been violated. The Defendants did not give the Plaintiff-Appellant due process of law. Because of all the civil suits filed against the defendants the court, government, and the probation office knew where the plaintiff-appellant was living and therefore he was not a fugitive. They were adding and abetting, because all the defendants knew about the illegal case No. 16-cr-20247-JTF, where the Plaintiff-Appellant charges were illegally changed after trial, see *Exhibit marked GOVERNMENT EXHIBIT 1;* even the US Marshal Officer stated that he read my file the day before he and his crew arrested me, the court refused to sua sponte a competence hearing, the court refused to allow the plaintiff-appellant to fire his court appointed trial attorney after two attempts, the government coerced the witnesses to lie under oath with bogus evidence, there was a conflict of interest with the trail attorney, and many other violation in the complaint.

The circumstances surrounding my case warrant special consideration due to my status as a veteran. Specifically:

- The issues presented in this case involve matters that directly affect veterans' rights and benefits.

- My military service has impacted my ability to navigate and investigate this complex illegal, malicious intentional fraudulent,

4

deceptive, cruel and unusual punishment, adding and abetting, conspiracy, and retaliation voluminous challenges effectively.

- The Petitioner only must apply for this procedure because the (VA) has not given him back the over $5,000 that was held for the attorneys that did not represent Stinson in any VA matters, also the attorneys would not sign a release of financial obligation form for Stinson and give it to the VA filed on 10/11/2023.
- The Petitioner only must apply for this procedure because the VA started on 02/2025, deducting $852 monthly, for an over payment of compensation from Stinson which Stinson has appealed on 09/25/2024, but the deduction has started deducting and will continue until they deduct $30,659.95 in total.
- The Petitioner only must apply for this procedure because the disabled benefits from the Social Security Office (ssa) is still pending since August 30, 2022. The Request for Review of Hearing Decision/Order is attached.
- Granting this motion will allow me access to necessary resources and support available for veterans involved in litigation.

This case does arise under federal law and the plaintiff's well-pleaded complaint establishes that it is based on federal law and constitutional grounds.

5

The Supreme Court emphasized that determination of whether a claim arises under federal law is made by examining the plaintiff's allegations rather than potential defense. Beneficial National Bank v. Anderson, 539 U.S. 1 (2003); Pacheco de Perez v. AT&T Co., 139 F.3d 1368 (11th Cir. 1998).

(1) This case involves questions of exceptional importance. (2) The single judge's decision conflicts with a prior decision of the court. Murray v. State Farm Fire & Casualty Co., 509 F.3d 1230 (11th Cir. 2007); United States v. Smith, 775 F.3d 1262 (11th Cir. 2014). "'Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

## Relief Requested

- I respectfully request that this Court grant me leave to proceed as a veteran in this matter.

- I respectfully request that the U.S. Marshal's serve all parties to this complaint.

- This request is made in good faith and is not intended to cause delay or prejudice against any party involved.

## Conclusion

Therefore, for the foregoing reasons stated above, Mr. Stinson, Sr. respectfully pray that this Honorable Court grants my motion for Leave to Proceed on Appeal as a Veteran in this matter, and for the U.S. Marshals to serve all parties to this matter, promptly.

Respectfully submitted,

*[signature]*

Mark T. Stinson, Sr.
777 NW 155th Ln. Apt. 911
Miami, FL 33169-6180
Ph: (786) 299-7499
Email: mstinson1@bellsouth.net
April 11, 2025
Pro Se

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMETS

1. This document complies with [the type-volume limit of Fed. R. App. P. 32(g)(1) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f): this document contains 1569 words.

*[signature]*

Mark T. Stinson, Sr.
April 11, 2025
Pro se

AO 245B (Rev. 09/17)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Western District of Tennessee

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| MARK STINSON | ) | Case Number: 2:16-CR-20247-001 |
| | ) | USM Number: 29908-076 |
| | ) | Arthur E. Quinn: Appointed - CJA |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☒ was found guilty on count(s)   One thruThirteen (1,2,3,4,5,6,7,8,9,10,11,12,13) Superseding Indictmet December 8, 2017.
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Defraud the United States | 1/31/2015 | 1s |
| 26 U.S.C. § 7202 | Failure to Collect, Truthfully Account for, & Pay Payroll Tax | 7/31/2011 | 2s |
| 26 U.S.C. § 7202 | Failure to Collect, Truthfully Account for, & Pay Payroll Tax | 10/31/2011 | 3s |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____   ☐ is   ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/1/2018
Date of Imposition of Judgment

s/John T. Fowlkes, Jr.
Signature of Judge

John T. Fowlkes, Jr., U.S. District Judge
Name and Title of Judge

3/1/2018
Date

8

GOVERNMENT
EXHIBIT
1

AO 245B (Rev. 09/17) Judgment in a Criminal Case
Sheet 1A

Judgment—Page 2 of 7

DEFENDANT: MARK STINSON
CASE NUMBER: 2:16-CR-20247-001

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 26 U.S.C. § 7202 | Failure to Collect, Truthfully Account for, & Pay Payroll | 1/31/2012 | 4s |
| 26 U.S.C. § 7202 | Failure to Collect, Truthfully Account for, & Pay Payroll | 4/30/2012 | 5s |
| 26 U.S.C. § 7202 | Failure to Collect, Truthfully Account for, & Pay Payroll | 1/31/2015 | 6s |
| 26 U.S.C. § 7206(1) | False Statement on a Tax Document | 11/17/2010 | 7s |
| 26 U.S.C. § 7206(1) | False Statement on a Tax Document | 11/17/2010 | 8s |
| 26 U.S.C. § 7206(1) | False Statement on a Tax Document | 11/17/2010 | 9s |
| 26 U.S.C. § 7206(1) | False Statement on a Tax Document | 11/17/2010 | 10s |
| 26 U.S.C. § 7206(1) | False Statement on a Tax Document | 11/17/2010 | 11s |
| 18 U.S.C. § 641 | Theft of Government Funds | 2/21/2013 | 12s |
| 18 U.S.C. § 1028A(a)(1) | Aggravated Identity Theft | 2/21/2013 | 13s |
| 18 U.S.C. § 2 | Aggravated Identity Theft | 2/21/2013 | 13s |

# Information You Submitted for Mark T Stinson

## Information about Mark T Stinson

Name: **Mark T Tyrone Stinson**

Mailing Address: **777 NW 155th Lane, Apt. 911, MIAMI, FL 33169-6180**

Do you live at the above address? **Yes**

Daytime Phone Number: **(786) 299-7499**

Alternative Phone Number:

Email Address: **mstinson1@bellsouth.net**

## Representative Information

Do you have a representative? **No**

## Request for Review

Notice Date: **03/14/2025**

Claim # (if different from SSN):

SSA Program Title: **Period of Disability and Disability Insurance Benefits**

Reason for Review: **I can not preform the duties that I use to do on my job at Conexx Staffing Services, for 17 years. I am unable to stay focus on the task at hand consistently for 8 hours, due to my PTSD and the meds that I take.**

Time Extension: **N**

## Details of Attached Files

10