# In The
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 25-11145-E

_____

MARK T. STINSON, SR.,

        Plaintiff-Appellant,

versus


KEVIN G. RITZ, et al.

        Defendants-Appellees.

_____

## MARK T. STINSON, SR. APPELLANT'S BRIEF

_____

Appeal from the United States District Court

for the Southern District of Florida

D.C. Docket No. 1:24-cv-24451-PGB

_____

Mark T. Stinson, Sr.
777 NW 155th Ln. Apt. 911
Miami, FL 33169-6180
Ph: (786) 299-7499
Email: mstinson1@bellsouth.net
Pro se

# TABLE OF CONTENTS

**Pages**

TABLE OF CONTENTS.................................................................................................i

TABLE OF AUTHORITIES...........................................................................................ii

INTRODUCTION........................................................................................................1

STATEMENT REGARDING ORAL ARGUMENT...........................................................1

STATEMENT OF SUBJECT-MATTER AND APPELLATE
JURISDICTION.........................................................................................................1

STATEMENT OF THE ISSUES....................................................................................1

STATEMENT OF THE CASE.......................................................................................3
    A.   Factual Background.........................................................................................3

SUMMARY OF THE ARGUMENT...............................................................................3

ARGUMENT..............................................................................................................5

RELIEF REQUESTED.................................................................................................7

CONCLUSION...........................................................................................................7

CERTIFICATE OF COMPLIANCE...............................................................................8

EXHIBITS............................................................................................................9 - 11

## <u>TABLE OF AUTHORITIES</u>

**<u>Page</u>**

<u>Zinermon v. Burch</u>, 494 U.S. 113 (1990)……………………………………………………2

<u>Davis v. Williams</u>, 451 F.3d 759 (11th Cir. 2006)………………………………………2

Denton v. Hernandez, 504 U.S. 25, 32 (1992)…………………………….…………….4

Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)……………4

Ferrara v. United States, 370 F.Supp.2d 351 (D.Mass. 2009)……………………………4

Barone v. United States, 610 F.Supp.2d 150 (D.Mass. 2009)……………………………4

Gonzalez v. Sec'y for the Dep't of Corr., 366 F.3d 1253, 17 Fla. L.
Weekly Fed. C 456 (11th Cir. 2004), cert. granted, in part, 543 U.S.
1086, 125 S.Ct. 961, 160 L.Ed.2d 896 (2005), cert. denied, 543 U.S. 1091,
125 S.Ct. 965, 160 L.Ed.2d 902 (2005), aff'd 545 U.S. 524, 125 S.Ct. 2641,
162 L.Ed.2d 480, 18 Fla. L. Weekly Fed. S 449 (2005)…………………………………5

Ferrara v. U.S., 384 (D.Mass. 2005)……………………………………………………5

Beneficial National Bank v. Anderson, 539 U.S. 1 (2003)…...…………………………6

Pacheco de Perez v. AT&T Co., 139 F.3d 1368 (11th Cir. 1998)………………………6

Davidson v. Cannon, 474 U.S. 344, 88 L.Ed.2d 677, 106 S.Ct. 668 (1985)……………6

Bell v. Hood, 327 U.S. 678, 90 L.Ed. 939, 66 S.Ct. 773, 13 ALR.2d 383 (1946)………6

Siegle v. Progressive Consumers Ins. Co., 819 So.2d 732, 734-35 (Fla. 2002)…………6

Todd v. Johnson, 965 So.2d 255, 257 (Fla. 1st DCA 2007)……………………………6

Hall v. Knipp, 982 So. 2d 1196, 1198 (Fla. Dist. Ct. App. 2008)…..……………………6

Murray v. State Farm Fire & Casualty Co., 509 F.3d 1230 (11th Cir. 2007)…..………6

United States v. Smith, 775 F.3d 1262 (11th Cir. 2014)……………………..……………6

Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)………………………………7

Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998))…………………7

-ii-

## <u>STATUTORY AUTHORITY</u>

<u>**Page**</u>

38 U.S.C. 2022……………………………………………………………………1

38 U.C.S. § 7261(a)(1)……………………………………………………………1

38 U.S.C. § 7262……………………………………………………………………1

Sup. Ct. R. 40………………………………………………………………………1

FRAP Rule 34(a)……………………………………………………………………1

Local Rule 34-3……………………………………………………………………1

42 U.S.C. § 1983……………………………………………………………………2

28 U.S.C. § 1331…………………………………………………………………2, 3

28 U.S.C. § 1332…………………………………………………………………2, 3

28 U.S.C. § 1291…………………………………………………………………2, 3

42 U.S.C. § 12203………………………………………………………………2, 3

18 U.S.C. § 241…………………………………………………………………2, 3

42 U.S.C. 1985……………………………………………………………………2, 3

18 U.S.C. § 241…………………………………………………………………2, 3

18 U.S.C. § 1349…………………………………………………………………2, 3

U.S.C. § 14141……………………………………………………………………2, 3

Due Process Clause………………………………………………………………2, 4

Fifth Amendment life, liberty, or property……………………………………2

adding and abetting………………………………………………………………3, 4

Fed. R. Civ. P. 60…………………………………………………………………4

28 USCS § 2244(b)(3)(A))………………………………………………………4

First Amendment Right……………………………………………………………4

Fourth Amendment Right…………………………………………………………4

**<u>Page</u>**

Fifth Amendment Right..................................................................4

Sixth Amendment Right.................................................................4

Seventh Amendment Right.............................................................4

Eighth Amendment Right................................................................4

Fourteenth Amendment Right.........................................................4

conflict of interest.......................................................................4

intentional fraudulent...................................................................4

conspiracy...................................................................................4

retaliation.................... ...............................................................4

-iv-

## INTRODUCTION

Plaintiff-Appellant is requesting that this Court grant the Appellant's Brief for US Marshals to serve all parties to this complaint.

## STATEMENT REGARDING ORA ARGUMENT

Plaintiff-Appellant requests no oral argument under FRAP Rule 34(a), a case may be decided without oral argument if it is deemed appropriate by the panel of judges. Additionally, Local Rule 34-3 provides guidance on when cases may be submitted on briefs alone, particularly when they involve straightforward legal issues or when there are no material facts in dispute. The court utilized summary disposition to resolve an appeal regarding municipal liability under Section 1983, concluding that existing precedent clearly dictated the outcome without requiring additional deliberation.

## STATEMENT OF SUBJECT-MATTER AND APPELLATE JURISDICTION

The District Court had jurisdiction under 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 1332. District Court entered judgment on 03/25/2025, [23]. This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

Plaintiff-Appellant was illegally tried and convicted on 12/04/2017, in Memphis, TN, (No. 16-cr-20247-JTF), this case has been submitted to the Supreme Court of the United States No. 23-5105 on 03/27/2025, and the petition for Leave to

Proceed as a Veteran has been **granted**.  A lawsuit was filed in the Western District of Tennessee, District Court, No. 22-cv-02694, on 08/2022, but after being treated with prejudice and feared for his life the Plaintiff-Appellant relocated to Miami, Florida then voluntarily dismissed the complaint and refiled it in the Southern District of Florida No. 23-cv-24688, [1] and on 02/05/2024, [28], the district court transferred it to the Western District Court of Tenneessee and the Defendants was served, No. 24-cv-2077, and that transfer has been appealed. USCA6 No. 25-5310.  The Defendant in this matter is aiding and abetting and is retaliating against the Plaintiff-Appellant in violation of: (1) 42 U.S.C. § 12203 – Prohibition against retaliation and coercion.  (2) 18 U.S.C. § 241 – Conspiracy against rights, (3) 42 U.S.C. 1985 – Conspiracy to interfere with civil rights, (4) 18 U.S.C. § 241 – Conspiracy to deprive a person of their civil rights, (5) 18 U.S.C. § 1349 – Conspiracy to commit fraud, and (6) 42 U.S.C. § 14141 – Its unlawful for any governmental authority to engage in a pattern or practice of conduct that deprives persons of their rights.

The Due Process Clause of the Fifth Amendment to the U.S. Constitution provides that in relevant part:   No person shall be … deprived of life, liberty, or property, without due process of law[.]; <u>Zinermon v. Burch</u>, 494 U.S. 113 (1990); <u>Davis v. Williams</u>, 451 F.3d 759 (11th Cir. 2006).

## STATEMENT OF THE CASE
### A. Factual Background

On 02/13/2024, the Appellant-Plaintiff was arrested at his Florida residence by the US Marshal officers one week after the service of the complaint to the defendants in case No. 23-cv-24688 (SDFL).  After being illegally arrested again the Plaintiff-Appellant was sent to the MDC, Miami, FL and was denied bond, and then transferred to a state prison in Memphis, TN (Shelby County Correctional Center).

Once again, the Plaintiff-Appellant was unconstitutionally denied a bond and was sentenced to six (6) months of false imprisonment in a state facility, release date 08/14/2024.  The unconstitutional treatment, adding and abetting started on 02/13/2024 and did not end until 08/14/2024, and all the defendants conspired and showed retaliation against the Plaintiff-Appellant.

### Summary of the Argument

The Defendants are in violation of: (1) 42 U.S.C. § 12203 – Prohibition against retaliation and coercion; (2) 18 U.S.C. § 241 – Conspiracy against rights; (3) 42 U.S.C. 1985 – Conspiracy to interfere with civil rights; (4) 18 U.S.C. § 241 – Conspiracy to deprive a person of their civil rights; (5) 18 U.S.C. § 1349 – Conspiracy to commit fraud; and (6) 42 U.S.C. § 14141 – Its unlawful for any governmental authority to engage in a pattern or practice of conduct that deprives persons of their rights.

3

The Plaintiff-Appellant never had a chance with the government, public defenders and the Judges that were involved in this matter, because of the previous lawsuits filed in the Western District Court of Tennessee, Eastern District of Arkansas, and the Southern District of Florida. These complaints are not frivolous in any way and haven't been judged on the merits at this point. The Court must also weigh all factual allegations in favor of the plaintiff unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992). See Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury. The loss of liberty is a severe form of irreparable injury. Ferrara v. United States, 370 F.Supp.2d 351 (D.Mass. 2009); Barone v. United States, 610 F.Supp.2d 150 (D.Mass. 2009).

When fraud and misrepresentation; fraud exception in which petitioner will be permitted to file Fed. R. Civ. P. 60 motion and have it treated by district court as a motion under that rule instead of as non-authorized (by appellate court pursuant to 28 USCS § 2244(b)(3)(A)) application to file second or successive petition, as it was outlined in Hazel-Atlas decision, requires deliberately planned and carefully executed scheme and conspiracy participated in by attorneys and judges in federal proceeding to defraud federal court with carefully constructed bogus evidence that not only was presented to that federal court, but which also affected federal court's

4

decision; (this was the case in my trail); <u>Gonzalez v. Sec'y for the Dep't of Corr</u>., 366 F.3d 1253, 17 Fla. L. Weekly Fed. C 456 (11th Cir. 2004), cert. granted, in part, 543 U.S. 1086, 125 S.Ct. 961, 160 L.Ed.2d 896 (2005), cert. denied, 543 U.S. 1091, 125 S.Ct. 965, 160 L.Ed.2d 902 (2005), aff'd 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480, 18 Fla. L. Weekly Fed. S 449 (2005); <u>Ferrara v. U.S.</u>, 384 (D.Mass. 2005).

## <u>Argument</u>

The Plaintiff-Appellant's First, Fourth, Fifth, Sixth, Seventh, Eighth and Fourteenth Amendment Rights have been violated.  The Defendants did not give the Plaintiff-Appellant due process of law.  Because of all the civil suits filed against the defendants the court, government, and the probation office knew where the plaintiff-appellant was living and therefore he was not a fugitive.  They were adding and abetting, because all the defendants knew about the illegal case No. 16-cr-20247-JTF, where the Plaintiff-Appellant charges were illegally changed after trial, see *Exhibit marked GOVERNMENT EXHIBIT 1;* the VERDICT form on page 4 Count 13 was circled not Guilty by the Presiding Juror, *see Verdict Exhibits*, the Plaintiff had been paying IRS for years but wasn't given an offer in compromise, *see IRS Account Transcript*, even the US Marshal Officer stated that he read my file the day before he and his crew arrested me, the court refused to sua sponte a competence hearing, the court refused to allow the plaintiff-appellant to fire his court appointed trial attorney after two attempts, the government coerced the witnesses to lie under oath with bogus evidence, there was

5

a conflict of interest with the trail attorney, and many other violations in the complaint.

Official conduct which causes personal injury due to recklessness or deliberate indifference does deprive the victim of liberty, violation of that command by federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct; Davidson v. Cannon, 474 U.S. 344, 88 L.Ed.2d 677, 106 S.Ct. 668 (1985); Bell v. Hood, 327 U.S. 678, 90 L.Ed. 939, 66 S.Ct. 773, 13 ALR.2d 383 (1946).

This case does arise under federal law and the plaintiff's well-pleaded complaint establishes that it is based on federal law and constitutional grounds. The Supreme Court emphasized that determination of whether a claim arises under federal law is made by examining the plaintiff's allegations rather than potential defense. Beneficial National Bank v. Anderson, 539 U.S. 1 (2003); Pacheco de Perez v. AT&T Co., 139 F.3d 1368 (11th Cir. 1998).

At this stage, we are bound to accept as true for purposes of decision the complaint's well-pleaded factual allegations and draw all reasonable inferences from these allegations in appellant's favor. *See* Siegle v. Progressive Consumers Ins. Co., 819 So.2d 732, 734-35 (Fla. 2002); Todd v. Johnson, 965 So.2d 255, 257 (Fla. 1st DCA 2007); Hall v. Knipp, 982 So. 2d 1196, 1198 (Fla. Dist. Ct. App. 2008).

This case involves questions of exceptional importance. (2) The single judge's decision conflicts with a prior decision of the court. Murray v. State Farm Fire & Casualty Co., 509 F.3d 1230 (11th Cir. 2007); United States v. Smith, 775 F.3d 1262 (11th Cir. 2014). "'Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally

construed." <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1175 (11th Cir. 2011)

(quoting <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir.

1998)).

## **Relief Requested**

- I respectfully request that this Court grant this Plaintiff-Appellant's Brief in this matter.

- I respectfully request that the U.S. Marshal's serve all parties to this complaint.

- This request is made in good faith and is not intended to cause delay or prejudice against any party involved.

## **Conclusion**

Therefore, for the foregoing reasons stated above, Mr. Stinson, Sr. respectfully

pray that this Honorable Court grants this Appellant's Brief, and for the U.S.

Marshals to serve all parties to this matter, promptly.

7

Respectfully submitted,

Mark T. Stinson, Sr.
777 NW 155th Ln. Apt. 911
Miami, FL 33169-6180
Ph: (786) 299-7499
Email: mstinson1@bellsouth.net
April 11, 2025
Pro Se


## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMETS

1. This document complies with [the type-volume limit of Fed. R. App. P. 32(g)(1) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f): this document contains 1565 words.

Mark T. Stinson, Sr.
April 11, 2025
Pro se

8

AO 245B (Rev. 09/17)    Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Western District of Tennessee

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>**v.**<br><br>MARK STINSON | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JUDGMENT IN A CRIMINAL CASE**

Case Number:  2:16-CR-20247-001

USM Number:  29908-076

Arthur E. Quinn: Appointed - CJA
Defendant's Attorney

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s)    One thruThirteen (1,2,3,4,5,6,7,8,9,10,11,12,13) Superseding Indictmet December 8, 2017.
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Defraud the United States | 1/31/2015 | 1s |
| 26 U.S.C. § 7202 | Failure to Collect, Truthfully Account for, & Pay Payroll Tax | 7/31/2011 | 2s |
| 26 U.S.C. § 7202 | Failure to Collect, Truthfully Account for, & Pay Payroll Tax | 10/31/2011 | 3s |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____    ☐ is    ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/1/2018
Date of Imposition of Judgment

s/John T. Fowlkes, Jr.
Signature of Judge

John T. Fowlkes, Jr., U.S. District Judge
Name and Title of Judge

3/1/2018
Date

GOVERNMENT
EXHIBIT
1

PENGAD 800-631-6989

AO 245B (Rev. 09/17)    Judgment in a Criminal Case
Sheet 1A

DEFENDANT:  MARK STINSON

Judgment—Page ___2___ of ___7___

CASE NUMBER:  2:16-CR-20247-001

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 26 U.S.C. § 7202 | Failure to Collect, Truthfully Account for, & Pay Payroll | 1/31/2012 | 4s |
| 26 U.S.C. § 7202 | Failure to Collect, Truthfully Account for, & Pay Payroll | 4/30/2012 | 5s |
| 26 U.S.C. § 7202 | Failure to Collect, Truthfully Account for, & Pay Payroll | 1/31/2015 | 6s |
| 26 U.S.C. § 7206(1) | False Statement on a Tax Document | 11/17/2010 | 7s |
| 26 U.S.C. § 7206(1) | False Statement on a Tax Document | 11/17/2010 | 8s |
| 26 U.S.C. § 7206(1) | False Statement on a Tax Document | 11/17/2010 | 9s |
| 26 U.S.C. § 7206(1) | False Statement on a Tax Document | 11/17/2010 | 10s |
| 26 U.S.C. § 7206(1) | False Statement on a Tax Document | 11/17/2010 | 11s |
| 18 U.S.C. § 641 | Theft of Government Funds | 2/21/2013 | 12s |
| 18 U.S.C. § 1028A(a)(1) | Aggravated Identity Theft | 2/21/2013 | 13s |
| 18 U.S.C. § 2 | Aggravated Identity Theft | 2/21/2013 | 13s |

ELECTRONICALLY FILED
2017 Aug 09 2:57 PM
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>     Plaintiff, | ) ) ) | |
| VS. | ) ) | CR. NO. 16-20247 |
| MARK STINSON,<br>     Defendant. | ) ) ) | |

## V E R D I C T

We find the defendant, MARK STINSON, as to Count 1; conspiracy to

defraud the United States,

**Count 1:**

(Guilty)          or          (Not Guilty)

We find the defendant, MARK STINSON, as to the willful failure to

collect, truthfully account for and pay over payroll taxes,

**Count 2: (for the quarter ending June 30, 2011)**

(Guilty)          or          (Not Guilty)

39                              Appendix D

Case 2:22-cv-02575-JTF-atc   Document 1-4   Filed 08/30/22   Page 2 of 4   PageID 51
USCA11 Case: 25-11-145-atc   Document 1-4   Filed 08/30/22   Page 2 of 4   PageID 51

Case 2:16-cr-20247-JTF   Document 85   Filed 12/08/17   Page 2 of 4   PageID 309

**Count 3**: (for the quarter ending September 30, 2011)

_____                    _____
(Guilty)                    or          (Not Guilty)

**Count 4**: (for the quarter ending December 31, 2011)

_____                    _____
(Guilty)                    or          (Not Guilty)

**Count 5**: (for the quarter ending March 31, 2012)

_____                    _____
(Guilty)                    or          (Not Guilty)

**Count 6**: (for the quarter ending December 31, 1014)

_____                    _____
(Guilty)                    or          (Not Guilty)

We find the defendant, MARK STINSON, as to the willful making and

subscribing false statements on a tax return or tax document,

**Count 7**: (for the 1st quarter of 2008, IRS Form 941)

_____                    _____
(Guilty)                    or          (Not Guilty)

40

**Count 8:** (for the 2nd quarter 2008, IRS Form 941)

_____                    _____
(Guilty)                  or        (Not Guilty)

**Count 9:** (for the 3rd quarter of 2008, IRS Form 941)

_____                    _____
(Guilty)                  or        (Not Guilty)

**Count 10:** (for the 4th quarter of 2008, IRS Form 941)

_____                    _____
(Guilty)                  or        (Not Guilty)

**Count 11:** (for the calendar year 2008, IRS Form 940)

_____                    _____
(Guilty)                  or        (Not Guilty)

We find the defendant, MARK STINSON, as to Count 12; theft of government funds,

**Count 12:**

_____                    _____
(Guilty)                  or        (Not Guilty)

4/1

The Court instructs you that if you have found the defendant, Mark Stinson, not guilty of count 12, you must then find him not guilty of count 13. However, if you have found him guilty of count 12, then you must proceed with consideration of count 13.

We find the defendant, MARK STINSON, as to Count 13; aggravated identity theft,

**Count 13:**

_____          _____

(Guilty)              or          (Not Guilty)

PRESIDING JUROR          DATE    12/8/17

42


# Internal Revenue Service
United States Department of the Treasury

| This Product Contains Sensitive Taxpayer Data |
| --- |

## Account Transcript

| | |
| --- | --- |
| Request Date: | 06-17-2013 |
| Response Date: | 06-17-2013 |
| Tracking Number: | 100164125461 |

FORM NUMBER:     941

TAX PERIOD:     Jun. 30, 2011

TAXPAYER IDENTIFICATION NUMBER: 80-0439874

CONNEXX STAFFING SERVICES LLC
MARK & JAYTON STINSON MBRS
9127 DALRY CV
CORDOVA, TN 38018-2949-277

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

| | | |
| --- | --- | --- |
| ACCOUNT BALANCE: | $51,046.54 | |
| ACCRUED INTEREST: | $3,354.54 | AS OF: Jul. 01, 2013 |
| ACCRUED PENALTY: | $9,473.34 | AS OF: Jul. 31, 2011 |

| | |
| --- | --- |
| ACCOUNT BALANCE PLUS ACCRUALS (THIS IS NOT A PAYOFF AMOUNT): | $63,874.42 |

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

TAX PER TAXPAYER:          $84,969.07

RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER) Jul. 31, 2011
PROCESSED DATE                                          Aug. 22, 2011

| TRANSACTIONS | | | |
| --- | --- | --- | --- |
| CODE | EXPLANATION OF TRANSACTION | CYCLE DATE | AMOUNT |
| 150 | Tax return filed | 201132 08-22-2011 | $84,969.07 |
| n/a | 35135-182-03350-1 | | |
| 960 | Appointed representative | 03-07-2011 | $0.00 |
| 960 | Appointed representative | 05-13-2011 | $0.00 |
| 961 | Removed appointed representative | 05-18-2011 | $0.00 |
| 650 | Federal tax deposit | 05-23-2011 | -$4,132.10 |
| 650 | Federal tax deposit | 06-08-2011 | -$1,452.59 |
| 650 | Federal tax deposit | 06-08-2011 | -$1,000.00 |

47

Appendix G

| 960 | Appointed representative | | 07-01-2011 | $0.00 |
|-----|--------------------------|--|------------|-------|
| 960 | Appointed representative | | 07-21-2011 | $0.00 |
| 186 | Federal tax deposit penalty | 201132 | 08-22-2011 | $7,838.43 |
| 276 | Penalty for late payment of tax | 201132 | 08-22-2011 | $391.92 |
| 196 | Interest charged for late payment | 201132 | 08-22-2011 | $189.20 |
| 186 | Federal tax deposit penalty | 201137 | 09-26-2011 | $3,919.22 |
| 960 | Appointed representative | | 09-12-2011 | $0.00 |
| 971 | Issued notice of lien filing and right to Collection Due Process hearing | | 10-06-2011 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- issued | | 10-19-2011 | $0.00 |
| 670 | Payment<br>Levy | | 10-19-2011 | -$25,553.17 |
| 971 | Collection due process Notice of Intent to Levy -- return receipt signed | | 10-26-2011 | $0.00 |
| 480 | Offer in compromise received | | 10-27-2011 | $0.00 |
| 582 | Lien placed on assets due to balance owed | | 10-26-2011 | $0.00 |
| 360 | Fees and other expenses for collection | | 11-21-2011 | $24.00 |
| 481 | Denied offer in compromise | | 11-28-2011 | $0.00 |
| 960 | Appointed representative | | 01-18-2012 | $0.00 |
| 960 | Appointed representative | | 01-23-2012 | $0.00 |
| 670 | Payment<br>Levy | | 02-08-2012 | -$8,758.71 |
| 960 | Appointed representative | | 02-13-2012 | $0.00 |
| 670 | Payment<br>Levy | | 02-23-2012 | -$5,388.73 |
| 960 | Appointed representative | | 06-28-2012 | $0.00 |
| 960 | Appointed representative | | 08-01-2012 | $0.00 |

This Product Contains Sensitive Taxpayer Data

48