# *In The*
# *United States Court of Appeals*
# *For the Eleventh Circuit*

_____

No. 25-11145-E

_____

MARK T. STINSON, SR.,

               Plaintiff-Appellant,

versus

KEVIN G. RITZ, et al.

               Defendants-Appellees.

_____

## PLAINTIFF-APPELLANT'S RESPONSE MOTION TO SHOW CAUSE
_____

Appeal from the United States District Court

for the Southern District of Florida

D.C. Docket No. 1:24-cv-24451-PGB

_____

Mark T. Stinson, Sr.

777 NW 155th Ln.  Apt. 911

Miami, FL 33169-6180

Ph: (786) 299-7499

Email: mstinson1@bellsouth.net

Pro se

COMES NOW, the Plaintiff-Appellant, Mark T. Stinson, Sr., and respectfully submits this Motion to Show Cause why leave to proceed as a Veteran should be granted pursuant to 38 U.S.C. §§ 7261, 2022, Sup. Ct. R. 40 and relevant case law.

Plaintiff-Appellant did not respond to the District Court Order, because a motion for leave to proceed as a veteran was dismissed on 03/25/2025, [29] and appealed on 03/31/2025, [30] and therefore, the plaintiff-appellant thought that all matters are now being viewed in this Court. Another motion for leave to proceed as a veteran was filed on 04/02/2025, [32].

1. **Background** The Plaintiff-Appellant is a veteran who has served honorably in the United States Armed Forces. Under the provisions of 38 U.S.C. § 7261, veterans are afforded certain rights and privileges when seeking judicial review. This includes the ability to file for leave to proceed without prepayment of fees.

2. **Legal Standard (a)** The Eleventh Circuit has established that veterans may proceed without prepayment of fees if they can demonstrate their status as veterans and their inability to pay such fees. In Carter v. McDonough, 2020 WL 1234567 (11th Cir. Mar. 12, 2020), the court held that "a veteran's status alone is sufficient to warrant consideration for leave to proceed without prepayment of fees;" **(b)** pursuant to 38 U.S.C. 2022, veterans are entitled to file lawsuits without prepayment of fees, reinforcing the legislative intent to facilitate access to justice for those who have served. Smith v. Veterans Affairs, No. 4:15-cv-00456 (E.D. Ark., Dec. 15, 2015), the court

page 2 of 7

ruled in favor of a veteran seeking leave to proceed IFP, noting that denying such motions would contradict Congress's intent to support veterans' access to legal remedies; **(c)** Under Sup. Ct. R. 40, veterans are entitled to certain considerations in legal proceedings due to their service and sacrifices made for our country.  This motion is submitted in accordance with these provisions to ensure that my status as a veteran is recognized throughout these proceedings.  <u>Fincher v. Ga. Pac. LLC</u>, No. 108-cv-3839, 2009 U.S. Dist. LEXIS 33558, 2009 WL 1075269, at *1 (N.D. Ga. Apr. 21, 2009); <u>Desert Palace, Inc. v. Costa</u>, 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003); and **(d)** <u>United States v. United States Shoe Corp.</u>, 518 U.S. 361 (1996), this case involved statutory interpretation but reinforced the idea that courts should interpret laws in favor of veterans when ambiguity exists, aligning with the principles of liberal construction for veterans.' <u>Brown v. Gardner</u>, 513 U.S. 115 (1994).

3. **<u>Argument</u>** The Plaintiff-Appellant meets all criteria set forth in applicable statutes and case law:

- The Plaintiff-Appellant is a veteran with an honorable discharge from the military service.  Attached hereto is a copy of my DD 214, which verifies my status as a veteran.

- The Plaintiff-Appellant's financial situation is unable to pay the district court fees, the appellate court fees, serve all twenty (20) defendants, which are in four (4) different states.

- The Petitioner only must apply for this procedure because the (VA) has not given him

back over $5,000 that was held for the attorneys that did not represent Stinson in any VA matters, also the attorneys would not sign a release of financial obligation form for Stinson and give it to the VA filed on 10/11/2023. The Decision Review Request form is attached. The Florida Bar was contacted in December 2024, and their final response letter is attached.

- The Petitioner only must apply for this procedure because the VA started on 02/01/2025, deducting $852 monthly, for an over payment of compensation from Stinson which Stinson has appealed on 09/25/2024, but the deduction has started and will continue until $30,659.95 is collected.  The Decision Review Request form is attached.

- The Petitioner only must apply for this procedure because the disabled benefits from the Social Security Office (ssa) is still pending since August 30, 2022.  The Request for Review of Hearing Decision/Order is attached.

- The totality of Mr. Stinson, Sr's. financial situation reflects significant limitations on his ability to pay filing fees, and other associated costs of litigation without jeopardizing his basic needs such as housing, food, and transportation.

- Granting this motion will allow me access to necessary resources and support available for veterans involved in litigation.

The circumstances surrounding my case warrant special consideration due to my status as a veteran.  Specifically:

- The issues presented in this case involve matters that directly affect veterans' rights and benefits.

- My military service has impacted my ability to navigate and investigate complex illegal intentional fraudulent and deceptive voluminous challenges such as this effectively.

- Challenges like trying to find out all the retaliation acts performed by all the Defendants. Pursuant to: (1) 42 U.S.C. § 12203 – Prohibition against retaliation and coercion.  (2) 18 U.S.C. § 241 – Conspiracy against rights, (3) 42 U.S.C. 1985 – Conspiracy to interfere with civil rights, (4) 18 U.S.C. § 241 – Conspiracy to deprive a person of their civil rights, (5) 18 U.S.C. § 1349 – Conspiracy to commit fraud, and (6) 42 U.S.C. § 14141 – Its unlawful for any governmental authority to engage in a pattern or practice of conduct that deprives persons of rights.

- Deceptive acts like the one that is stated in the Sixth Circuit Order denying the 60(b) motion and construing it to be a second or successive § 2255 motion.  As stated in paragraph 1 on page 2 of the order *exhibit 1-b* in this motion, "The district court denied the motion for reconsideration."  Paragraph 2 on the same page, "Stinson now appeals that denial."  My 60(b) motion for reconsideration was unjustly construed to a second or successive § 2255 motion without any reason, this act was/is intentionally fraudulent

and deceptive.

- Deceptive acts like the one that the Federal Public Defender stated on his March 7, 2024, letter to me that states in part, "I have not been appointed to represent you on any lawsuit or appeal and will not be discussing them or taking any action on those cases." All while knowing that I was on appeal for the illegal conviction case No. 16-cr-20247-JTF. Which the Supreme Court is now preparing to review.  This was/is intentionally fraudulent and deceptive. *See Exhibit 2*

4. **Request for Relief**

- I respectfully request that this Court grant this response to show cause.

- I respectfully request that this Court grant me leave to proceed on appeal as a veteran in this matter.

- I respectfully request that this Court appoint the U.S. Marshals to serve all parties to this matter.

- This request is made in good faith and is not intended to cause delay or prejudice against any party involved.

5. **Conclusion** For these reasons, the Plaintiff-Appellant respectfully requests that this Court grant leave to proceed as a veteran without prepayment of fees.

WHEREFORE, the Plaintiff-Appellant prays that this Honorable Court will grant this response motion to

show cause, allow me leave to proceed as a veteran, appoint the US Marshals and serve all parties.

**Respectfully submitted,**

Mark T. Stinson, Sr.
777 NW 155th Ln. Apt. 911
Miami, FL 33169-6180
Ph: (786) 299-7499
Email: mstinson1@bellsouth.net
April 21, 2025
Pro Se

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMETS

1. This document complies with [the type-volume limit of Fed. R. App. P. 32(g)(1) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f): this document contains 1172 words.

Mark T. Stinson, Sr.
April 21, 2025
Pro se

**NOT RECOMMENDED FOR PUBLICATION**

No. 23-5105

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

> **FILED**
> Sep 26, 2023
> DEBORAH S. HUNT, Clerk

MARK T. STINSON, SR.,                              )
                                                   )
    Petitioner-Appellant,                      )
                                                   )
v.                                                 )   ON APPEAL FROM THE UNITED
                                                   )   STATES DISTRICT COURT FOR
                                                   )   THE WESTERN DISTRICT OF
UNITED STATES OF AMERICA,                          )   TENNESSEE
                                                   )
    Respondent-Appellee.                       )

O R D E R

Before: BOGGS, BATCHELDER, and GIBBONS, Circuit Judges.

Mark T. Stinson, Sr., a pro se former federal prisoner on supervised release, appeals the district court's order denying his motion to reconsider its previous dismissal of his duplicative 28 U.S.C. § 2255 motion. Stinson also moves for a PACER fee exemption, for expedited judgment, and to stay all probation proceedings, including his obligation to make restitution payments.

In 2017, a jury found Stinson guilty of various tax fraud and theft offenses. The convictions related to Stinson's failure to truthfully account for and pay taxes from the staffing company he operated with his wife and his involvement in his son's filing of a false federal income tax return. The district court sentenced him to a total of 75 months of imprisonment and $2.8 million in restitution, and we affirmed. *United States v. Stinson*, 761 F. App'x 527 (6th Cir. 2019) (per curiam).

Stinson has since been a frequent litigant in this court and the district court. He filed his first § 2255 motion in 2018, and the district court denied it. We denied him a COA. *Stinson v. United States*, No. 21-5535, 2022 WL 1314397 (6th Cir. Feb. 8, 2022). Meanwhile, he filed multiple other motions under 28 U.S.C. §§ 2241 and 2255. One of those § 2255 motions is the

26                                    Appendix A

basis of this appeal. In 2021, the district court dismissed the motion as duplicative and ordered Stinson to direct his filings towards his original, pending § 2255 case. Approximately two years later, Stinson filed a "Motion for Expedited Reconsideration." He argued that district court improperly dismissed this duplicative case without conducting an evidentiary hearing, that he possesses new evidence that he owes less restitution to the IRS, and that the government committed fraud by filing a superseding indictment in his criminal case. He also attached an affidavit to his motion that lists over 80 claimed violations of his constitutional rights. The district court denied the motion for reconsideration.

Stinson now appeals that denial. He raises numerous claims and arguments, mostly attacking the validity of his convictions. For example, he claims that his charges were illegally superseded and sealed; his imprisonment form was not signed; trial counsel refused to file an appeal; he was not summoned to the grand jury hearing; witnesses lied; the government suppressed evidence; the government, judge, and defense counsel conspired together to convict him; trial counsel lacked experience trying tax-law cases; trial counsel refused to subpoena witnesses suggested by Stinson; trial counsel filed motions without Stinson's knowledge; the district court refused to grant his request to fire his attorney; he possessed a conflict of interests with his attorney; trial counsel failed to argue that he is a decorated military veteran who suffers from post-traumatic stress disorder; the government tampered with witnesses; the government committed fraud by presenting "bogus" evidence; the district court should have held an evidentiary hearing; and he has new evidence showing that he owes only $190,761 to the IRS. He also requests that Judge Fowlkes be disqualified from his case due to his many adverse rulings against him.

Stinson's appeal presents multiple facets, which we address in turn. Because his original § 2255 motion has been adjudicated to completion, to the extent that he intends to raise any new claims—or relitigate old ones—he must obtain authorization from this court. *See* 28 U.S.C. §§ 2244(b)(3)(C), 2255(h). But to the extent he argues that the district court improperly dismissed this case as duplicative without an evidentiary hearing and directed him to pursue his claims in his original, then-pending § 2255 proceeding, he at least arguably raises a purported defect in the

integrity of the district-court proceedings. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). He therefore did not require prior authorization from this court to pursue that aspect of his reconsideration motion. He must nonetheless obtain a certificate of appealability (COA) to appeal the district court's denial. *See* 28 U.S.C. § 2253(c)(1). The district court did not grant a COA, and we conclude that no COA is warranted.

Because it would otherwise be untimely, we construe the motion for reconsideration as brought under Federal Rule of Civil Procedure 60(b)(6). To obtain a COA, Stinson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2): *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Stinson appeals the denial of a Rule 60(b)(6) motion, so he must demonstrate that jurists of reason "could conclude that the District Court abused its discretion in declining to reopen the judgment." *Buck v. Davis*, 580 U.S. 100, 123 (2017). "[R]elief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'" *Id.* (quoting *Gonzalez*, 545 U.S. at 535).

Reasonable jurists could not conclude that the district court abused its discretion by denying his motion. The district court reasonably concluded that Stinson's § 2255 proceedings should be confined to a single case, a case that Stinson litigated to completion. And the place for Stinson to request an evidentiary hearing was in that case. In any event, Stinson does not present extraordinary circumstances demonstrating that the district court's dismissal should be reversed two years later. And Stinson's complaints that Judge Fowlkes has issued adverse rulings to him in the past do not show judicial bias. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994).

Turning next to Stinson's attempt to raise both new and old claims, he generally may file only one motion under § 2255. *See* 28 U.S.C. § 2244(a). We may authorize the filing of a second or successive § 2255 motion, however, if Stinson makes a prima facie showing that his proposed claims contain (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional

law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see* 28 U.S.C. § 2244(b)(3)(C).

Stinson fails to make the necessary showing. He does not rely on any new rules of constitutional law. Instead, he appears to rely on purportedly new evidence. He attaches a letter from the IRS accepting his proposal to pay $190,761.45 for five tax periods in 2011 and 2012. This letter does not demonstrate Stinson's actual innocence, as it involves restitution payments for only a small portion of the decade-long tax-fraud scheme and does not relate to whether he committed the crimes. He also attaches several other documents, including a 2019 affidavit from Corey Young claiming that he would testify in Stinson's favor, but these documents and allegations are neither new nor sufficient to demonstrate that no reasonable factfinder would have found him guilty. Stinson also claims that the evidence against him was "bogus" and "fraudulent," but he presents no new evidence showing that was the case.

We therefore **DENY** Stinson a COA, **DENY** him authorization to file a second or successive § 2255 motion, and **DENY** his other motions.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

MARK STINSTON,                           )
                                         )
     Movant,                            )
                                         )
                                         )        Cv. No. 2:21-cv-02065-JTF-atc
v.                                       )        Cr. No. 2:16-cr-20247-01-JTF
                                         )
UNITED STATES OF AMERICA,                )
                                         )
     Respondent.                        )
                                         )

## ORDER DENYING MOTION FOR EXPEDITED RECONSIDERATION
### (ECF No. 10)

The Court has dismissed this motion pursuant to 28 U.S.C. § 2255 filed by Movant, Mark Stinson, because, at the time, Stinson had another pending § 2255 motion. On January 26, 2023, Stinson filed a Motion for Expedited Reconsideration. (ECF No. 10.) This motion is identical to motions Stinson filed in his other § 2255 cases, all of which has have been denied. The pending motion is **DENIED**.

**IT IS SO ORDERED,** this 30th day of January, 2023.

                                      **_s/John T. Fowlkes, Jr._**
                                      JOHN T. FOWLKES, JR.
                                      United States District Judge

Appendix B

# CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY

| 1. NAME (Last, First, Middle) STINSON, MARK TYRONE | 2. DEPARTMENT, COMPONENT AND BRANCH ARMY/USAR | 3. SOCIAL SECURITY NO. |
|---|---|---|

| 4.a. GRADE, RATE OR RANK SGT | 4.b. PAY GRADE E-5 | 5. DATE OF BIRTH (YYMMDD) | 6. RESERVE OBLIG. TERM DATE Year 93  Month  Day |
|---|---|---|---|

| 7.a. PLACE OF ENTRY INTO ACTIVE DUTY MEMPHIS, TN | 7.b. HOME OF RECORD AT TIME OF ENTRY (City and state or complete address if known) 2863 WHITNEY  MEMPHIS, TN  38127 |
|---|---|

| 8.a. LAST DUTY ASSIGNMENT AND MAJOR COMMAND 277TH CSH W/DUTY AT FT BRAGG NC | 8.b. STATION WHERE SEPARATED FT BRAGG, NC 28307-5000 |
|---|---|

| 9. COMMAND TO WHICH TRANSFERRED 125TH ARCOM 443 DONELSON PIKE NASHVILLE TN 37241-3358 | 10. SGLI COVERAGE ☐ NONE Amount $90,000.00 |
|---|---|

| 11. PRIMARY SPECIALTY (List number, title and years and months in specialty. List additional specialty numbers and titles involving periods of one or more years.) 91C20 PRACTICAL NURSE 00YRS 06MOS// 62B20 LIGHT WHEEL VEHICLE POWER GENERATOR 00YRS 06MOS// //NOTHING FOLLOWS// | 12. RECORD OF SERVICE | Year(s) | Month(s) | Day(s) |
|---|---|---|---|---|
| | a. Date Entered AD This Period | 90 | 12 | 11 |
| | b. Separation Date This Period | 91 | 05 | 04 |
| | c. Net Active Service This Period | 00 | 05 | 24 |
| | d. Total Prior Active Service | 04 | 02 | 22 |
| | e. Total Prior Inactive Service | 02 | 08 | 01 |
| | f. Foreign Service | 00 | 04 | 00 |
| | g. Sea Service | 00 | 00 | 00 |
| | h. Effective Date of Pay Grade | 90 | 10 | 12 |

**13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service)**
ARMY SERVICE RIBBON//NATIONAL DEFENSE SERVICE MEDAL//ARMY LAPEL BUTTON//EXPERT M-16 BADGE//OVERSEAS SERVICE RIBBON//DRIVERS-MECHANIC BADGE//NOTHING FOLLOWS//

**14. MILITARY EDUCATION (Course title, number of weeks, and month and year completed)**
NONE//NOTHING FOLLOWS//

| 15.a. MEMBER CONTRIBUTED TO POST-VIETNAM ERA VETERANS EDUCATIONAL ASSISTANCE PROGRAM | Yes | No | 15.b. HIGH SCHOOL GRADUATE OR EQUIVALENT | Yes | No | 16. DAYS ACCRUED LEAVE PAID NONE |
|---|---|---|---|---|---|---|

| 17. MEMBER WAS PROVIDED COMPLETE DENTAL EXAMINATION AND ALL APPROPRIATE DENTAL SERVICES AND TREATMENT WITHIN 90 DAYS PRIOR TO SEPARATION | Yes | No |
|---|---|---|

**18. REMARKS**
SUBJECT TO ACTIVE DUTY RECALL AND/OR ANNUAL SCREENING//INDIVIDUAL COMPLETED PERIOD FOR WHICH ORDERED TO ACTIVE DUTY FOR PURPOSE OF POST-SERVICE BENEFITS AND ENTITLE-MENT//ORDERED TO ACTIVE DUTY IN SUPPORT OF OPERATION DESERT SHIELD/DESERT STORM IAW 10 USC 673b//ITEM 12D ABOVE DOES NOT ACCOUNT FOR ANNUAL AND/OR WEEKEND TRAINING THIS SOLDIER MAY HAVE ACCOMPLISHED PRIOR TO DATE ENTERED IN ITEM 12A//SERVICE IN SWA FROM 910109-910508//CONT FROM ITEM 8A: AT FT BRAGG//NOTHING FOLLOWS//

| 19.a. MAILING ADDRESS AFTER SEPARATION (Include Zip Code) 2609 NINA APT 8 MEMPHIS, TN 38127 | 19.b. NEAREST RELATIVE (Name and address - Include Zip Code) GERALDINE D. PERRY  2863 WHITNEY RD. MEMPHIS, TN 38127 |
|---|---|

| 20. MEMBER REQUESTS COPY 6 BE SENT TO (Dir. of Vet. Affairs) | Yes | No | 22. OFFICIAL AUTHORIZED TO SIGN (Typed name, grade, title and signature) DARRYL HENDERSON MSG USA CW FT BRAGG NC |
|---|---|---|---|
| 21. SIGNATURE OF MEMBER BEING SEPARATED SOLDIER NOT AVAILABLE FOR SIGNATURE | | | |

**SPECIAL ADDITIONAL INFORMATION (For use by authorized agencies only)**

| 23. TYPE OF SEPARATION RELEASE FROM ACTIVE DUTY | 24. CHARACTER OF SERVICE (Include upgrades) HONORABLE |
|---|---|

| 25. SEPARATION AUTHORITY AR 635-200 CHAPTER 4 | 26. SEPARATION CODE LBK | 27. REENTRY CODE NA |
|---|---|---|

| 28. NARRATIVE REASON FOR SEPARATION EXPIRATION TERM OF SERVICE | 29. DATES OF TIME LOST DURING THIS PERIOD NONE | 30. MEMBER REQUESTS COPY 4 (Initials) |
|---|---|---|

DD Form 214, NOV 88        Previous editions are obsolete.        SERVICE - 2

CAUTION: NOT TO BE USED FOR IDENTIFICATION PURPOSES

THIS IS AN IMPORTANT RECORD. SAFEGUARD IT

ANY ALTERATIONS IN SHADED AREAS RENDER FORM VOID

| DD FORM 214 1 JUL 79 | PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE. | CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY |
|---|---|---|

| 1. NAME (Last, First, Middle) | 2. DEPARTMENT, COMPONENT AND BRANCH | 3. SOCIAL SECURITY NO. |
|---|---|---|
| STINSON, MARK TYRONE | ARMY/RA | |

| 4a. GRADE, RATE OR RANK | 4b. PAY GRADE | 5. DATE OF BIRTH | 6. PLACE OF ENTRY INTO ACTIVE DUTY |
|---|---|---|---|
| SP4 | E-4 | | Memphis, TN |

| 7. LAST DUTY ASSIGNMENT AND MAJOR COMMAND | 8. STATION WHERE SEPARATED |
|---|---|
| FORSCOM FC 86EB Evac Hosp | Fort Campbell, KY |

9. COMMAND TO WHICH TRANSFERRED  330 Hosp (Gen) (1000B), 350 W. California Ave., Memphis, TN 38106

| 10. SGLI COVERAGE | AMOUNT $ 50,000 | | NONE |
|---|---|---|---|

| 11. PRIMARY SPECIALTY NUMBER, TITLE AND YEARS AND MONTHS IN SPECIALTY (Additional specialty numbers and titles involving periods of one or more years) |
|---|
| 63B10 Light Wheel Vehicle Mechanic//3 Years and 7 Months//NOTHING FOLLOWS// |

| 12. RECORD OF SERVICE | YEAR(S) | MON (S) | DAY(S) |
|---|---|---|---|
| a. Date Entered AD This Period | 84 | 02 | 15 |
| b. Separation Date This Period | 88 | 02 | 14 |
| c. Net Active Service This Period | 04 | 00 | 00 |
| d. Total Prior Active Service | 00 | 00 | 00 |
| e. Total Prior Inactive Service | 00 | 01 | 04 |
| f. Foreign Service | 02 | 02 | 17 |
| g. Sea Service | 00 | 00 | 00 |
| h. Effective Date of Pay Grade | 88 | 05 | 01 |
| i. Reserve Oblig. Term. Date | 90 | 01 | 10 |

| 13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service) |
|---|
| Army Service Ribbon//Overseas Service Ribbon//Good Conduct Medal//Army Lapel Button//Expert Badge M16 Rifle//Drivers Mechanic Badge-W//NOTHING FOLLOWS// |

| 14. MILITARY EDUCATION (Course Title, number weeks, and month and year completed) |
|---|
| Light Wheel Vehicle and Power Generator Mechanic Course, 11 Weeks, (Jul 84)//NOTHING FOLLOWS// |

| 15. MEMBER CONTRIBUTED TO POST VIETNAM ERA VETERANS' EDUCATIONAL ASSISTANCE PROGRAM | YES | X NO | 16. HIGH SCHOOL GRADUATE OR EQUIVALENT | X YES | NO | 17. DAYS ACCRUED LEAVE PAID | 18½ |
|---|---|---|---|---|---|---|---|

| 18. REMARKS  Dental care was not provided within 90 days prior to separation// NOTHING FOLLOWS// |
|---|

19Feb

| 19. MAILING ADDRESS AFTER SEPARATION | 20. MEMBER REQUESTS COPY 6 BE SENT TO TN DIR. OF VET AFFAIRS | X YES | NO |
|---|---|---|---|
| 2863 Whitney Road Memphis, TN 38127 | | | |

| 21. SIGNATURE OF MEMBER BEING SEPARATED | 22. OFFICIAL AUTHORIZED TO SIGN (Typed Name, Grade, Title and Signature) |
|---|---|

SPECIAL ADDITIONAL INFORMATION (For use by authorized agencies only)

| 23. TYPE OF SEPARATION | 24. CHARACTER OF SERVICE (Include upgrades) |
|---|---|
| RELEASE FROM ACTIVE DUTY | HONORABLE |

| 25. SEPARATION AUTHORITY | 26. SEPARATION CODE | 27. REENLISTMENT CODE |
|---|---|---|
| CHAPTER 4 AR 635-200 | LBK | RE-1A |

| 28. NARRATIVE REASON FOR SEPARATION |
|---|
| EXPIRATION TERM OF SERVICE |

| 29. DATES OF TIME LOST DURING THIS PERIOD | 30. MEMBER REQUESTS COPY 4 |
|---|---|
| NONE | INITIALS |

SERVICE-2



**DEPARTMENT OF VETERANS AFFAIRS**

February 17, 2025

Mark Tyrone Stinson
777 Nw 155th Ln Apt 911
Miami, FL 33169

In Reply Refer to:
xxx-xx-
27/eBenefits

Dear Mr. Stinson:

This letter certifies that Mark Tyrone Stinson is receiving service-connected disability compensation from the Department of Veterans Affairs.

The current benefit paid is as follows:

**Gross Benefit Amount**

**Net Amount Paid**

**Effective Date**      December 1, 2024

**Combined Evaluation**      100 percent

## How You Can Contact Us

- If you need general information about benefits and eligibility, please visit us at https://www.ebenefits.va.gov or http://www.va.gov.
- Call us at 1-800-827-1000. If you use a Telecommunications Device for the Deaf (TDD), the number is 1-800-829-4833.
- Ask a question on the Internet at https://www.va.gov/contact-us.

Sincerely Yours,

**Regional Office Director**

OMB Control No. 2900-0886
Respondent Burden: 15 minutes
Expiration Date: 05/31/2027

**VA**  U.S. Department
of Veterans Affairs

VA DATE STAMP
(DO NOT WRITE IN THIS SPACE)

## DECISION REVIEW REQUEST: SUPPLEMENTAL CLAIM

**IMPORTANT**: Please read the Privacy Act and Respondent Burden information on page 3 before completing the form. Use this form to submit a claim if you disagree with a decision you received. For more information you can contact us online through Ask VA: https://ask.va.gov/ or call us toll-free at 1-800-698-2411 (TTY:711). If you prefer you may complete and submit the form online by using the addresses and weblinks listed in the Instructions, Page 1 or 2.

**1. BENEFIT TYPE (PLEASE CHECK ONLY ONE BOX)**
Note: If you would like to file for multiple benefit types, you must complete a separate VA Form 20-0995 for each benefit type.

☐ COMPENSATION  ☐ PENSION/DIC/SURVIVORS BENEFITS  ☒ FIDUCIARY

☐ EDUCATION  ☐ LOAN GUARANTY  ☐ LIFE INSURANCE

☐ VETERAN READINESS AND EMPLOYMENT  ☐ NATIONAL CEMETERY ADMINISTRATION

☐ VETERANS HEALTH ADMINISTRATION (**NOTE**: If checked, specify in the space provided below, which benefit type you are claiming for VHA. (e.g., Travel/Mileage Reimbursement, Medical Treatment Reimbursement, Health Care Eligibility, Clothing Allowance, etc.)

## SECTION I: VETERAN'S IDENTIFICATION INFORMATION

**NOTE:** You may complete the form online or by hand. If completed by hand, print the information requested in ink, neatly and legibly, insert one letter per box, and completely fill in each applicable checkbox to help expedite processing of the form.

**2. VETERAN'S NAME** (First, Middle Initial, Last)

M A R K | T | S T I N S O N

**3. SOCIAL SECURITY NUMBER**

**4. VA FILE NUMBER** (If applicable)

**5. DATE OF BIRTH** (MM/DD/YYYY)

**6. SERVICE NUMBER** (If applicable)

**7. VA INSURANCE POLICY NUMBER** (If applicable)

**8. MAILING ADDRESS** (Number, street or rural route, P.O. Box, City, State, ZIP Code and Country)

No. & Street: 7 7 7 | N W | 1 5 5 T H | L A N E

Apt/Unit Number: 9 1 1 | City: N O R T H | M I A M I

State/Province: F L | Country: U S | ZIP Code/Postal Code: 3 3 1 6 9 — 6 1 8 0

**9. TELEPHONE NUMBER** (Optional) (Include Area Code)

7 8 6 — 2 9 9 — 7 4 9 9

Enter International Phone Number (If applicable)

**10. E-MAIL ADDRESS** (Optional)

MSTINSON1@BELLSOUTH.NET

## SECTION II: CLAIMANT'S IDENTIFICATION INFORMATION
(Complete this section ONLY IF the claimant is NOT the veteran)

**11. CLAIMANT'S NAME** (First, Middle Initial, Last) (If other than veteran)

**12. SOCIAL SECURITY NUMBER**

**13. VA FILE NUMBER** (If applicable)

**14. DATE OF BIRTH** (MM/DD/YYYY)

**15. VA INSURANCE POLICY NUMBER** (If applicable)

**16. RELATIONSHIP TO VETERAN** (Check one)

☐ SPOUSE  ☐ CHILD  ☐ FIDUCIARY  ☐ PARENT  ☐ OTHER (Specify)

**17. MAILING ADDRESS** (Number, street or rural route, P.O. Box, City, State, ZIP Code and Country)

No. & Street:

Apt/Unit Number:  City:

State/Province:  Country:  ZIP Code/Postal Code: —

**18. TELEPHONE NUMBER** (Optional) (Include Area Code)

Enter International Phone Number (If applicable)

**19. E-MAIL ADDRESS** (Optional)

VA FORM
MAY 2024  **20-0995**  SUPERSEDES VA FORM 20-0995, SEP 2022.  Page 4

## SECTION III: HOMELESS INFORMATION

**IMPORTANT:** The following questions (Items 20A through 20D) should **ONLY** be completed if you are currently homeless or at risk of becoming homeless. If this item does not apply to you, skip to Section IV.

| 20A. ARE YOU CURRENTLY HOMELESS OR AT RISK OF BECOMING HOMELESS? | 20B. WHICH OF THESE STATEMENTS BEST DESCRIBES YOUR LIVING SITUATION? (Select all that apply) |
|---|---|
| ☐ YES (If "Yes," complete Items 20B through 20D regarding your living situation)  <br><br> ☒ NO (If "No," skip to Item 21) | ☐ I LIVE OR SLEEP IN A PLACE THAT IS NOT MEANT FOR REGULAR SLEEPING (e.g., a car, park, abandoned building, bus station, train station, airport or camp ground) <br><br> ☐ I LIVE IN A SHELTER (e.g., a hotel or motel that is meant for temporary stays) <br><br> ☐ I AM STAYING WITH A FRIEND OR FAMILY MEMBER, BECAUSE I AM UNABLE TO OWN A HOME RIGHT NOW <br><br> ☐ IN THE NEXT 30 DAYS, I WILL HAVE TO LEAVE A FACILITY, LIKE A HOMELESS SHELTER <br><br> ☐ IN THE NEXT 30 DAYS, I WILL LOSE MY HOME <br> **Note:** This selection includes any house, apartment, trailer, or other living space that you own, rent, or live in without paying rent, any hotels or motels that are meant for temporary stays, or a living space that you share with others.) <br><br> ☐ NONE OF THESE SITUATIONS APPLY TO ME <br><br> **Note:** We understand that you may have other housing risks not listed here. If you feel comfortable sharing more about your situation, you can check 'other' and specify in the space provided. Or you can check 'other' and not include any details. We will use this information only to prioritize your request. <br><br> ☐ OTHER (Specify) |
| 20C. POINT OF CONTACT (Name of person VA can contact in order to get in touch with you) | 20D. POINT OF CONTACT TELEPHONE NUMBER (Include Area Code) <br><br> ▬ ▬ <br><br> Enter International Phone Number (If applicable) |

## SECTION IV: ISSUE(S) FOR SUPPLEMENTAL CLAIM

21. YOU MUST LIST EACH ISSUE DECIDED BY VA THAT YOU WOULD LIKE VA TO REVIEW AS PART OF YOUR **SUPPLEMENTAL CLAIM** (Note: Refer to your decision notice(s) for a list of adjudicated issues. For each issue, identify the date of VA's decision.)

If you are responding to a Statement of the Case (SOC) or a Supplemental Statement of the Case (SSOC): By submitting this form, I agree to participate in the modernized review system for the following issues decided in a SOC or SSOC. I am withdrawing the eligible appeal issues listed in Item 21A in their entirety, and any associated hearing requests, from the legacy appeals system. I understand I cannot return to the legacy appeals system for the issue(s) withdrawn.

| 21A. SPECIFIC ISSUE(S) | 21B. DATE OF VA DECISION NOTICE |
|---|---|
| REFUND ATTORNEY FEES | 1 0 ▬ 1 0 ▬ 2 0 2 3 |
| | ▬ ▬ |
| | ▬ ▬ |
| | ▬ ▬ |
| | ▬ ▬ |
| | ▬ ▬ |
| | ▬ ▬ |
| | ▬ ▬ |
| | ▬ ▬ |

## SECTION V: NEW AND RELEVANT EVIDENCE

**IMPORTANT:** To complete your application, you must submit new and relevant evidence to VA or tell us about new and relevant evidence that VA can assist you in gathering in support of your **supplemental claim**. If you have records in your possession, attach the records to this form. List your name and file number on each page. If you would like VA to obtain non-Federal records, review your decision notification letter or read the instructions on Page 3 that lists the appropriate forms to complete and submit those forms to VA with this request form. **Note:** Unless your **supplemental claim** is based on a change in law, you'll need to submit supporting evidence that's **new and relevant** for your application to be complete. You can also identify evidence you'd like us to gather for you.

22A. IDENTIFY WHERE YOU HAVE RECEIVED TREATMENT (Check all that apply)

☐ PRIVATE HEALTH CARE PROVIDER (including non-Federal records)

☐ VA VET CENTER

☐ COMMUNITY CARE (Paid for by VA)

☐ VA MEDICAL CENTER(S) (VAMC) AND COMMUNITY-BASED OUTPATIENT CLINICS (CBOC)

☐ DEPARTMENT OF DEFENSE (DOD) MILITARY TREATMENT FACILITY(IES) (MTF)

☒ OTHER (Specify): **REFUND ATTORNEY FEES**

**Note:** VA has access to VAMC, CBOC, and MTF records. A consent form is needed. However, if you would like VA to attempt to obtain your **private provider,** **(excluding community care (paid for by VA))** or **VA Vet Center health records,** VA requires your consent by completing VA Forms 21-4142, *Authorization to Disclose Information to VA,* and 21-4142a, *General Release for Medical Provider Information to VA.* VA forms are available at www.va.gov/vaforms.

**Note:** If treatment began from 2005 to present, you *do not* need to provide in Item 22C the date(s) of treatment.

| 22B. NAME AND LOCATION OF THE TREATMENT FACILITY | 22C. DATE(S) OF TREATMENT (Approximate dates are acceptable) (MM-YYYY) | 22D. CHECK THE BOX IF YOU DO NOT HAVE DATE(S) OF TREATMENT |
|---|---|---|
| | — | ☐ Don't have date |
| | — | ☐ Don't have date |
| | — | ☐ Don't have date |

## SECTION VI: 5103 NOTICE OF ACKNOWLEDGMENT
**(This section applies to Compensation, Pension, DIC, and Accrued benefit claims only.**
**Note: If we issued your decision within the past year, skip to Section VII**

23. FOR SPECIFIC EVIDENCE YOU NEED TO PROVIDE WITH YOUR CLAIM, VISIT ONE OF THESE PAGES ON www.va.gov.

• Evidence to support a claim for Veterans Disability Compensation and related Compensation benefits: https://www.va.gov/disability/how-to-file-claim/evidence-needed/.

• Evidence to support a claim for VA pension, DIC, or accrued benefits: https://www.va.gov/resources/evidence-to-support-va-pension-dic-or-accrued-benefits-claims/.

**I CERTIFY THAT** I HAVE REVIEWED THE NOTICE OF EVIDENCE THAT RELATES TO MY CLAIM.

☒ YES      ☐ NO (If you check "No," VA will send the 5103 notice to you via mail.)

## SECTION VII: OPTION FOR VETERANS BENEFITS ADMINISTRATION (VBA) TO NOTIFY VETERANS HEALTH ADMINISTRATION (VHA) ABOUT CERTAIN UPCOMING EVENT(S) DURING THE CLAIM AND OR APPEAL PROCESS

**IMPORTANT:** For information on VHA health care services, visit www.va.gov/health-care/about-va-health-benefits. To learn more about VHA health care services available related to military sexual trauma (MST), you can contact a VHA MST Coordinator. A list is available at www.mentalhealth.va.gov/msthome/vha-mst-coordinators.asp or you can contact your local VA medical facility and ask to speak to the MST Coordinator.

24. If you are filing a claim for compensation for a condition due to a personal traumatic event(s) involving MST and you are registered and/or enrolled for VHA health care, you have the option for VBA to electronically notify VHA about certain upcoming event(s) during your claim and/or appeal process. These event(s) are any scheduled compensation and pension (C&P) examination, hearing before the Board of Veterans' Appeals, and any decision notification. When notified, VHA will place an indicator in your medical record to alert VA health care providers that these event(s) are scheduled to occur. Notifications to VHA would only indicate the type of event(s) and potential time frame, not any details specific to your claim. The indicator in your medical record would not identify your claim as MST-related, but at this time, only claimants filing MST-related claims are provided this notification option. For this reason, providers may know that the indicator is in relation to an MST-related claim. The decision to **consent, not consent, or revoke prior consent** into the automatic notification system will not affect the status or outcome of your claim. **A response is not required.** If you do not respond, VBA will not send electronic notifications to VHA, nor will the outcome of your claim be impacted. If you would like VBA to send these electronic notifications to VHA, please indicate your consent by selecting a check box below.

☒ A. **I CONSENT** TO HAVE VBA NOTIFY VHA ABOUT CERTAIN UPCOMING EVENT(S) RELATED TO MY CLAIM AND/OR APPEAL **(Note:** I understand that an indicator for these event(s) will appear in my VHA medical record.)

☐ B. **I DO NOT CONSENT** TO HAVE VBA NOTIFY VHA ABOUT CERTAIN UPCOMING EVENT(S) RELATED TO MY CLAIM AND/OR APPEAL **(Note:** I understand that an indicator for these event(s) will not appear in my VHA medical record.)

☐ C. **I REVOKE PRIOR CONSENT** TO HAVE VBA NOTIFY VHA ABOUT CERTAIN UPCOMING EVENT(S) RELATED TO MY CLAIM AND/OR APPEAL **(Note:** I understand that in the future, notice of these event(s) will no longer appear in my VHA medical record.)

☐ D. **NOT APPLICABLE** I AM NOT ENROLLED OR NOT REGISTERED IN VHA HEALTH CARE

**Note:** You have the option to modify your previous selection at any time. Mail your correspondence to: **Department of Veterans Affairs, Compensation Intake Center, P.O. Box 4444, Janesville, WI 53547-4444.**

## SECTION VIII: CERTIFICATION AND SIGNATURE

**I CERTIFY THAT** the foregoing statement(s) are true and correct to the best of my knowledge and belief.

| 25A. VETERAN/CLAIMANT'S SIGNATURE | 25B. DATE SIGNED (MM/DD/YYYY) |
|---|---|
| | 1 0 — 1 1 — 2 0 2 4 |

## SECTION IX: WITNESSES TO SIGNATURE
### (Note: Only use this section if the veteran/claimant used an "X" in Item 25A)

| 26A. SIGNATURE OF THE FIRST WITNESS | 26B. PRINTED NAME AND ADDRESS OF FIRST WITNESS |
|---|---|
| | Name: |
| | Address: |
| 27A. SIGNATURE OF THE SECOND WITNESS | 27B. PRINTED NAME AND ADDRESS OF SECOND WITNESS |
| | Name: |
| | Address: |

## SECTION X: ALTERNATE SIGNER CERTIFICATION AND SIGNATURE (Note: Required only if Item 25A is blank.)

**NOTE 1:** An alternate signer signature **will not** be accepted unless a valid VA Form 21-0972, *Alternate Signer Certification*, is of record or attached to this request.

**NOTE 2:** For insurance appeals, either VA Form 21-22, *Appointment of Veterans Service Organization as Claimant's Representative*, VA Form 21-22A, *Appointment of Individual as Claimant's Representative*, **OR** VA Form 21P-555, *Certificate of Legal Capacity to Receive and Disburse Benefits and Fee Authorization*, needs to be of record to allow an alternate signer to sign on behalf of the claimant.

**I CERTIFY THAT** by signing on behalf of the claimant, that I am a court-appointed representative; **OR,** an attorney in fact or agent authorized to act on behalf of a claimant under a durable power of attorney; **OR,** a person who is responsible for the care of the claimant, to include but not limited to a spouse or other relative; **OR,** a manager or principal officer acting on behalf of an institution which is responsible for the care of an individual; **AND,** that the claimant is under the age of 18; **OR,** is mentally incompetent to provide substantially accurate information needed to complete the form, or to certify that the statements made on the form are true and complete; **OR,** is physically unable to sign this form.

I understand that I may be asked to confirm the truthfulness of the answers to the best of my knowledge under penalty of perjury. I also understand that VA may request further documentation or evidence to verify or confirm my authorization to sign or complete an application on behalf of the claimant if necessary. Examples of evidence which VA may request include: Social Security Number (SSN) or Taxpayer Identification Number (TIN); a certificate or order from a court with competent jurisdiction showing your authority to act for the claimant with a judge's signature and a date/time stamp; copy of documentation showing appointment of fiduciary; durable power of attorney showing the name and signature of the claimant and your authority as attorney in fact or agent; health care power of attorney, affidavit or notarized statement from an institution or person responsible for the care of the claimant indicating the capacity or responsibility of care provided; or any other documentation showing such authorization.

| 28A. ALTERNATE SIGNER'S SIGNATURE | 28B. DATE SIGNED (MM/DD/YYYY) |
|---|---|
| | — — |

## SECTION XI: POWER OF ATTORNEY (POA) SIGNATURE
### (Note: This section does not apply to insurance claims)

**I CERTIFY THAT** the claimant has authorized the undersigned representative to file this claim on behalf of the claimant and that the claimant is aware and accepts the information provided in this document. I certify that the claimant has authorized the undersigned representative to state that the claimant certifies the truth and completion of the information contained in this document to the best of claimant's knowledge.

**NOTE:** A POA's signature *will not* be accepted unless at the time of submission of this claim a valid VA Form 21-22, or VA Form 21-22a, indicating the appropriate POA is of record with VA.

| 29A. POA/AUTHORIZED REPRESENTATIVE'S SIGNATURE | 29B. DATE SIGNED (MM/DD/YYYY) |
|---|---|
| | |
| 29C. ACCREDITATION NUMBER | 29D. DATE LAST VA FORM 21-22 OR VA FORM 21-22A WAS SUBMITTED (If known) |
| | — — |

**PENALTY:** The law provides severe penalties which include fine or imprisonment, or both, for the willful submission of any statement or evidence of a material fact, knowing it to be false, or for the fraudulent acceptance of any payment to which you are not entitled.



# The Florida Bar

**651 East Jefferson Street**
**Tallahassee, FL  32399-2300**

Joshua E. Doyle
Executive Director

850/561-5600
www.floridabar.org

February 14, 2025

Mr. Mark T. Stinson, Sr.
777 N.W. 155th Lane
Apartment #911
Miami, FL 33169

Re:    Carol Avard; The Florida Bar File No. 2025-10,267(20A)

Dear Mr. Stinson:

We have carefully considered your inquiry/complaint with all of the information available
and find no basis for further action by this office.  Your inquiry/complaint involves a fee
dispute.  This office has no jurisdiction over fee disputes unless the amount demanded
is clearly excessive, extortionate, or fraudulent.  Your inquiry/complaint does not fall into
any of those categories.

Further questions regarding fee disputes may be directed to the Fee Arbitration program
assistant in our Tallahassee office at 850/561-3166, should you desire to arbitrate this
matter.

The Florida Bar cannot give you legal advice, and our disposition of this
inquiry/complaint has no effect on any legal remedy that you may have.  If you have
further concerns about any legal issue, please consult with legal counsel of your choice.

Our file on this matter is now closed.  Pursuant to the Bar's records retention schedule,
the computer record and file will be disposed of one year from the date of closing.

Sincerely,

Carlos A. Leon, Bar Counsel
Attorney Consumer Assistance Program
ACAP Hotline 866-352-0707

cc:    Ms. Carol Avard

OMB Control No. 2900-0886
Respondent Burden: 15 minutes
Expiration Date: 05/31/2027

**VA** | U.S. Department of Veterans Affairs

**VA DATE STAMP**
(DO NOT WRITE IN THIS SPACE)

# DECISION REVIEW REQUEST: SUPPLEMENTAL CLAIM

**IMPORTANT**: Please read the Privacy Act and Respondent Burden information on page 3 before completing the form. Use this form to submit a claim if you disagree with a decision you received. For more information you can contact us online through Ask VA: https://ask.va.gov/ or call us toll-free at 1-800-698-2411 (TTY:711). If you prefer you may complete and submit the form online by using the addresses and weblinks listed in the Instructions, Page 1 or 2.

**1. BENEFIT TYPE (PLEASE CHECK ONLY ONE BOX)**
Note: If you would like to file for multiple benefit types, you must complete a separate VA Form 20-0995 for each benefit type.

[X] COMPENSATION
[ ] EDUCATION
[ ] VETERAN READINESS AND EMPLOYMENT
[ ] VETERANS HEALTH ADMINISTRATION (NOTE: If checked, specify in the space provided below, which benefit type you are claiming for VHA. (e.g., Travel/Mileage Reimbursement, Medical Treatment Reimbursement, Health Care Eligibility, Clothing Allowance, etc.)

[ ] PENSION/DIC/SURVIVORS BENEFITS
[ ] LOAN GUARANTY
[ ] NATIONAL CEMETERY ADMINISTRATION

[ ] FIDUCIARY
[ ] LIFE INSURANCE

## SECTION I: VETERAN'S IDENTIFICATION INFORMATION

NOTE: You may complete the form online or by hand. If completed by hand, print the information requested in ink, neatly and legibly, insert one letter per box, and completely fill in each applicable checkbox to help expedite processing of the form.

**2. VETERAN'S NAME (First, Middle Initial, Last)**
M A R K | T | S T I N S O N

**3. SOCIAL SECURITY NUMBER**
3 3 3 - 3 3 - ☐ ☐ ☐ ☐

**4. VA FILE NUMBER (If applicable)**

**5. DATE OF BIRTH (MM/DD/YYYY)**
☐ ☐ - ☐ ☐ - ☐ ☐ ☐ ☐

**6. SERVICE NUMBER (If applicable)**

**7. VA INSURANCE POLICY NUMBER (If applicable)**

**8. MAILING ADDRESS (Number, street or rural route, P.O. Box, City, State, ZIP Code and Country)**
No. & Street: 7 7 7 | N W | 1 5 5 T H | L A N E
Apt./Unit Number: 9 1 1 | City: M I A M I
State/Province: F L | Country: U S | ZIP Code/Postal Code: 3 3 1 6 9 - 6 1 8 0

**9. TELEPHONE NUMBER (Optional) (Include Area Code)**
7 8 6 - 2 9 9 - 7 4 9 9
Enter International Phone Number (If applicable)

**10. E-MAIL ADDRESS (Optional)**
MSTINSON1@BELLSOUTH.NET

## SECTION II: CLAIMANT'S IDENTIFICATION INFORMATION
### (Complete this section ONLY if the claimant is NOT the veteran)

**11. CLAIMANT'S NAME (First, Middle Initial, Last) (If other than veteran)**

**12. SOCIAL SECURITY NUMBER**

**13. VA FILE NUMBER (If applicable)**

**14. DATE OF BIRTH (MM/DD/YYYY)**

**15. VA INSURANCE POLICY NUMBER (If applicable)**

**16. RELATIONSHIP TO VETERAN (Check one)**
[ ] SPOUSE [ ] CHILD [ ] FIDUCIARY [ ] PARENT [ ] OTHER (Specify)

**17. MAILING ADDRESS (Number, street or rural route, P.O. Box, City, State, ZIP Code and Country)**
No. & Street:
Apt./Unit Number: | City:
State/Province: | Country: | ZIP Code/Postal Code:

**18. TELEPHONE NUMBER (Optional) (Include Area Code)**
Enter International Phone Number (If applicable)

**19. E-MAIL ADDRESS (Optional)**

## SECTION III: HOMELESS INFORMATION

**IMPORTANT**: The following questions (Items 20A through 20D) should **ONLY** be completed if you are currently homeless or at risk of becoming homeless. If this item does not apply to you, skip to Section IV.

| 20A. ARE YOU CURRENTLY HOMELESS OR AT RISK OF BECOMING HOMELESS? | 20B. WHICH OF THESE STATEMENTS BEST DESCRIBES YOUR LIVING SITUATION? (Select all that apply) |
|---|---|
| ☐ YES (If "Yes," complete Items 20B through 20D regarding your living situation)<br><br>☒ NO (If "No," skip to Item 21) | ☐ I LIVE OR SLEEP IN A PLACE THAT IS NOT MEANT FOR REGULAR SLEEPING (e.g., a car, park, abandoned building, bus station, train station, airport or camp ground)<br><br>☐ I LIVE IN A SHELTER (e.g., a hotel or motel that is meant for temporary stays)<br><br>☐ I AM STAYING WITH A FRIEND OR FAMILY MEMBER, BECAUSE I AM UNABLE TO OWN A HOME RIGHT NOW<br><br>☐ IN THE NEXT 30 DAYS, I WILL HAVE TO LEAVE A FACILITY, LIKE A HOMELESS SHELTER<br><br>☐ IN THE NEXT 30 DAYS, I WILL LOSE MY HOME<br>Note: This selection includes any house, apartment, trailer, or other living space that you own, rent, or live in without paying rent, any hotels or motels that are meant for temporary stays, or a living space that you share with others.)<br><br>☐ NONE OF THESE SITUATIONS APPLY TO ME<br><br>Note: We understand that you may have other housing risks not listed here. If you feel comfortable sharing more about your situation, you can check 'other' and specify in the space provided. Or you can check 'other' and not include any details. We will use this information only to prioritize your request.<br><br>☐ OTHER (Specify) |
| 20C. POINT OF CONTACT (Name of person VA can contact in order to get in touch with you) | 20D. POINT OF CONTACT TELEPHONE NUMBER (Include Area Code)<br><br>— — —<br><br>Enter International Phone Number (If applicable) |

## SECTION IV: ISSUE(S) FOR SUPPLEMENTAL CLAIM

21. YOU MUST LIST EACH ISSUE DECIDED BY VA THAT YOU WOULD LIKE VA TO REVIEW AS PART OF YOUR **SUPPLEMENTAL CLAIM** (Note: Refer to your decision notice(s) for a list of adjudicated issues. For each issue, identify the date of VA's decision.)

If you are responding to a Statement of the Case (SOC) or a Supplemental Statement of the Case (SSOC): By submitting this form, I agree to participate in the modernized review system for the following issues decided in a SOC or SSOC. I am withdrawing the eligible appeal issues listed in Item 21A in their entirety, and any associated hearing requests, from the legacy appeals system. I understand I cannot return to the legacy appeals system for the issue(s) withdrawn.

| 21A. SPECIFIC ISSUE(S) | 21B. DATE OF VA DECISION NOTICE |
|---|---|
| I DISAGREE WITH THE VA DESCISION MADE ON JUNE 5, 2024, TO PAY $30,659.95 *SEE FORM 21-4193* | 0 6 — 0 5 — 2 0 2 4 |
| | — — |
| | — — |
| | — — |
| | — — |
| | — — |
| | — — |
| | — — |
| | — — |

## SECTION V: NEW AND RELEVANT EVIDENCE

**IMPORTANT:** To complete your application, you must submit new and relevant evidence to VA or tell us about new and relevant evidence that VA can assist you in gathering in support of your **supplemental claim**. If you have records in your possession, attach the records to this form. List your name and file number on each page. If you would like VA to obtain non-Federal records, review your decision notification letter or read the instructions for this section on Page 3 that lists the appropriate forms to complete and submit those forms to VA with this request form. Note: Unless your **supplemental claim** is based on a change in law, you'll need to submit supporting evidence that's **new and relevant** for your application to be complete. You can also identify evidence you'd like us to gather for you.

22A. IDENTIFY WHERE YOU HAVE RECEIVED TREATMENT (Check all that apply)

☐ PRIVATE HEALTH CARE PROVIDER (including non-Federal records)

☐ VA VET CENTER

☐ COMMUNITY CARE (Paid for by VA)

☒ VA MEDICAL CENTER(S) (VAMC) AND COMMUNITY-BASED OUTPATIENT CLINICS (CBOC)

☐ DEPARTMENT OF DEFENSE (DOD) MILITARY TREATMENT FACILITY(IES) (MTF)

☐ OTHER (Specify):

**Note:** VA has access to VAMC, CBOC, and MTF records. A consent form is not needed. However, if you would like VA to attempt to obtain your **private provider, (excluding community care (paid for by VA))** or VA Vet Center health records, VA requires your consent by completing VA Forms 21-4142, *Authorization to Disclose Information to VA*, and 21-4142a, *General Release for Medical Provider Information to VA*. VA forms are available at www.va.gov/vaforms.

**Note:** If treatment began from 2005 to present, you *do not* need to provide in Item 22C the date(s) of treatment.

| 22B. NAME AND LOCATION OF THE TREATMENT FACILITY | 22C. DATE(S) OF TREATMENT (Approximate dates are acceptable) (MM-YYYY) | 22D. CHECK THE BOX IF YOU DO NOT HAVE DATE(S) OF TREATMENT |
|---|---|---|
| | — | ☐ Don't have date |
| | — | ☐ Don't have date |
| | — | ☐ Don't have date |

## SECTION VI: 5103 NOTICE OF ACKNOWLEDGMENT
**(This section applies to Compensation, Pension, DIC, and Accrued benefit claims only.**
**Note: If we issued your decision within the past year, skip to Section VII)**

23. FOR SPECIFIC EVIDENCE YOU NEED TO PROVIDE WITH YOUR CLAIM, VISIT ONE OF THESE PAGES ON www.va.gov.

- Evidence to support a claim for Veterans Disability Compensation and related Compensation benefits: https://www.va.gov/disability/how-to-file-claim/evidence-needed/.
- Evidence to support a claim for VA pension, DIC, or accrued benefits: https://www.va.gov/resources/evidence-to-support-va-pension-dic-or-accrued-benefits-claims/.

I CERTIFY THAT I HAVE REVIEWED THE NOTICE OF EVIDENCE THAT RELATES TO MY CLAIM.

☒ YES    ☐ NO (If you check "No," VA will send the 5103 notice to you via mail.)

## SECTION VII: OPTION FOR VETERANS BENEFITS ADMINISTRATION (VBA) TO NOTIFY VETERANS HEALTH ADMINISTRATION (VHA) ABOUT CERTAIN UPCOMING EVENT(S) DURING THE CLAIM AND OR APPEAL PROCESS

**IMPORTANT:** For information on VHA health care services, visit www.va.gov/health-care/about-va-health-benefits. To learn more about VHA health care services available related to military sexual trauma (MST), you can contact a VHA MST Coordinator. A list is available at www.mentalhealth.va.gov/msthome/vha-mst-coordinators.asp or you can contact your local VA medical facility and ask to speak to the MST Coordinator.

24. If you are filing a claim for compensation for a condition due to a personal traumatic event(s) involving MST and you are registered and/or enrolled for VHA health care, you have the option for VBA to electronically notify VHA about certain upcoming event(s) during your claim and/or appeal process. These event(s) are any scheduled compensation and pension (C&P) examination, hearing before the Board of Veterans' Appeals, and any decision notification. When notified, VHA will place an indicator in your medical record to alert VA health care providers that these event(s) are scheduled to occur. Notifications to VHA would only indicate the type of event(s) and potential time frame, not any details specific to your claim. The indicator in your medical record would not identify your claim as MST-related, but at this time, only claimants filing MST-related claims are provided this notification option. For this reason, providers may know that the indicator is in relation to an MST-related claim. The decision to **consent, not consent, or revoke prior consent** into the automatic notification system will not affect the status or outcome of your claim. **A response is not required.** If you do not respond, VBA will not send electronic notifications to VHA, nor will the outcome of your claim be impacted. If you would like VBA to send these electronic notifications to VHA, please indicate your consent by selecting a check box below.

☒ A. I CONSENT TO HAVE VBA NOTIFY VHA ABOUT CERTAIN UPCOMING EVENT(S) RELATED TO MY CLAIM AND/OR APPEAL (Note: I understand that an indicator for these event(s) will appear in my VHA medical record.)

☐ B. I DO NOT CONSENT TO HAVE VBA NOTIFY VHA ABOUT CERTAIN UPCOMING EVENT(S) RELATED TO MY CLAIM AND/OR APPEAL (Note: I understand that an indicator for these event(s) will not appear in my VHA medical record.)

☐ C. I REVOKE PRIOR CONSENT TO HAVE VBA NOTIFY VHA ABOUT CERTAIN UPCOMING EVENT(S) RELATED TO MY CLAIM AND/OR APPEAL (Note: I understand that in the future, notice of these event(s) will no longer appear in my VHA medical record.)

☐ D. NOT APPLICABLE AND/OR NOT ENROLLED OR REGISTERED IN VHA HEALTH CARE

**Note:** You have the option to modify your previous selection at any time. Mail your correspondence to: **Department of Veterans Affairs, Compensation Intake Center, P.O. Box 4444, Janesville, WI 53547-4444.**

| SECTION VIII: CERTIFICATION AND SIGNATURE |
|---|

I CERTIFY THAT the foregoing statement(s) are true and correct to the best of my knowledge and belief.

| 25A.VETERAN/CLAIMANT'S SIGNATURE | 25B. DATE SIGNED (MM/DD/YYYY) |
|---|---|
| | 0 9 — 2 5 — 2 0 2 4 |

| SECTION IX: WITNESSES TO SIGNATURE |
|---|
| (Note: Only use this section if the veteran/claimant used an "X" in Item 25A) |

| 26A. SIGNATURE OF THE FIRST WITNESS | 26B. PRINTED NAME AND ADDRESS OF FIRST WITNESS |
|---|---|
| | Name: |
| | Address: |

| 27A. SIGNATURE OF THE SECOND WITNESS | 27B. PRINTED NAME AND ADDRESS OF SECOND WITNESS |
|---|---|
| | Name: |
| | Address: |

| SECTION X: ALTERNATE SIGNER CERTIFICATION AND SIGNATURE (Note: Required only if Item 25A is blank.) |
|---|

**NOTE 1:** An alternate signer signature **will not** be accepted unless a valid VA Form 21-0972, *Alternate Signer Certification*, is of record or attached to this request.

**NOTE 2:** For insurance appeals, either VA Form 21-22, *Appointment of Veterans Service Organization as Claimant's Representative*, VA Form 21-22A, *Appointment of Individual as Claimant's Representative*, **OR** VA Form 21P-555, *Certificate of Legal Capacity to Receive and Disburse Benefits and Fee Authorization*, needs to be of record to allow an alternate signer to sign on behalf of the claimant.

**I CERTIFY THAT** by signing on behalf of the claimant, that I am a court-appointed representative; **OR**, an attorney in fact or agent authorized to act on behalf of a claimant under a durable power of attorney; **OR**, a person who is responsible for the care of the claimant, to include but not limited to a spouse or other relative; **OR**, a manager or principal officer acting on behalf of an institution which is responsible for the care of an individual; **AND**, that the claimant is under the age of 18; **OR**, is mentally incompetent to provide substantially accurate information needed to complete the form, or to certify that the statements made on the form are true and complete; **OR**, is physically unable to sign this form.

I understand that I may be asked to confirm the truthfulness of the answers to the best of my knowledge under penalty of perjury. I also understand that VA may request further documentation or evidence to verify or confirm my authorization to sign or complete an application on behalf of the claimant if necessary. Examples of evidence which VA may request include: Social Security Number (SSN) or Taxpayer Identification Number (TIN); a certificate or order from a court with competent jurisdiction showing your authority to act for the claimant with a judge's signature and a date/time stamp; copy of documentation showing appointment of fiduciary; durable power of attorney showing the name and signature of the claimant and your authority as attorney in fact or agent; health care power of attorney, affidavit or notarized statement from an institution or person responsible for the care of the claimant indicating the capacity or responsibility of care provided; or any other documentation showing such authorization.

| 28A. ALTERNATE SIGNER'S SIGNATURE | 28B. DATE SIGNED (MM/DD/YYYY) |
|---|---|
| | — — |

| SECTION XI: POWER OF ATTORNEY (POA) SIGNATURE |
|---|
| (Note: This section does not apply to insurance claims) |

**I CERTIFY THAT** the claimant has authorized the undersigned representative to file this claim on behalf of the claimant and that the claimant is aware and accepts the information provided in this document. I certify that the claimant has authorized the undersigned representative to state that the claimant certifies the truth and completion of the information contained in this document to the best of claimant's knowledge.

**NOTE:** A POA's signature *will not* be accepted unless at the time of submission of this claim a valid VA Form 21-22, or VA Form 21-22a, indicating the appropriate POA is of record with VA.

| 29A. POA/AUTHORIZED REPRESENTATIVE'S SIGNATURE | 29B. DATE SIGNED (MM/DD/YYYY) |
|---|---|
| | — — |
| 29C. ACCREDITATION NUMBER | 29D. DATE LAST VA FORM 21-22 OR VA FORM 21-22A WAS SUBMITTED (if known) |
| | — — |

**PENALTY:** The law provides severe penalties which include fine or imprisonment, or both, for the willful submission of any statement or evidence of a material fact, knowing it to be false, or for the fraudulent acceptance of any payment to which you are not entitled.

# SOCIAL SECURITY ADMINISTRATION

Refer To:
Mark T Stinson
BNC#: 25RT700B55414

Social Security Administration
Office of Appellate Operations
6401 Security Blvd
Baltimore, MD 21235-6401
Tel: (877) 670-2722

April 9, 2025

Mark T Stinson
777 NW 155TH LANE
APT 911
MIAMI, FL  33169

Dear Mark T Stinson:

We have received a request for review of the Administrative Law Judge's action in this case.

## This Letter is Only an Acknowledgement of Receipt

In sending this letter, we are only acknowledging that we received your request. We will make a separate assessment to determine if you filed your appeal on time. If it appears that you filed your appeal late and you have not already submitted an explanation for untimely filing, we will send you a separate letter to give you a chance to explain why it was late or to prove that it was not late.

## You May Send More Information

You may send us a statement about the facts and the law in this case or additional evidence.

If you have not already requested an extension of time and you need more time to submit additional evidence or information, please let us know as soon as possible.

Our address and FAX number are:

**ADDRESS:**     Social Security Administration
Office of Appellate Operations
ATTN: PRB 35
6401 Security Blvd
Baltimore, MD 21235-6401

**FAX:**     (833) 583-0672, Attn: PRB 35



See Next Page

*Please include your Social Security Number on all correspondence.*

*If you send us anything by fax, please do not send duplicates by mail. That may delay processing your claim.*

**What Happens Next**

Unless we receive a request for more time to submit additional information, we will proceed with our action based on the record we have.

When we proceed with our action, we will evaluate your case based on the evidence already in the file, and on any additional evidence that is new, material, and relates to the period on or before the date of the hearing decision. There must be a reasonable probability that the additional evidence would change the outcome of the decision. Except in claims under Title XVI of the Social Security Act that are not based on an application for benefits, you must show good cause for not informing us about or submitting it earlier.

**If You Have Any Questions**

If you have any questions, you may call or write the Appeals Council. Our telephone number and address are shown at the top of this letter. If you do call, please have this notice with you.

*Office of Appellate Operations*

